### IN THE

## SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF NEW-YORK,

#### IN MAY TERM, IN THE THIRTIETH YEAR OF OUR INDEPENDENCE.

---

## Jackson *ex dem.* Youngs and others *against* Vredenburgh.

THIS was an action of ejectment for a lot of ground and dwelling-house in the city of *New-York*. The cause was tried at the *New-York sittings* the 27th *April*, 1804, before Mr. Justice *Kent.*

On the trial the plaintiff proved, that *David Youngs*, a mariner, was in his life time seized of the premises in question, and died (at sea) so seized of the same about the year 1766; that he left a widow, and an only son who died the 28th *June*, 1774, scarcely eight years old; that *Christopher Youngs* was the eldest brother of *David*, and died in 1798, leaving the lessors of the plaintiff (or those under whom they claim) his heirs at law.

The defendant then read in evidence, a deed dated the 20th *January*, 1798, by which the said *Christopher Youngs* conveyed to *Joseph Corre* in fee, the lot in question, for the sum of one thousand dollars.

*In an action of ejectment, the tenant is a competent witness where he is called to prove a fact against his interest.*

*The deed of a person out of possession being void, does not preclude the grantor from maintaining an action of ejectment to recover possession of the same premises. Evidence of the declarations of one, who has given a deed with warranty, cannot be received to support a title deduced from such person, though such declarations be made in articulo mortis; but such declarations may be received in evidence to show in what character, or with what intent such person entered and held possession of the land.*

Vol. I.                                                 Y

To rebut this evidence, the plaintiff offered *Joseph Corre* as a witness to prove, that at the time he received the said deed, he was a tenant of the premises under the defendant, who held adversely to the lessors of the plaintiff. It was objected that he was an incompetent witness, being still a tenant under *Vredenburgh*, and that the testimony he was called upon to give was also inadmissible. Both objections were overruled, and the witness proved his tenancy under *Vredenburgh*, which the judge declared, rendered the deed a nullity.

A deed of the same premises was then produced by the defendant, made to him by *Benjamin S. Rowe* and his wife, for the consideration of one thousand dollars, dated the 2d May, 1793, and another deed from *Sarah Punderson*, formerly the wife of *David Youngs*, to the said *Rowe*, dated the 15th *February*, 1792, for the consideration of ten shillings, which contained no other covenant or warranty than the following; " and the said *Sarah Punderson* doth warrant and defend the said premises to the said *Benjamin S. Rowe* his heirs and assigns forever."

The defendant then attempted to prove that the premises in question, were devised by the said *David Youngs* to his wife, afterwards Mrs. *Punderson*, by a will which was lost. Several witnesses testified as to the conduct of *Sarah*, who had always acted as owner of the premises, and had received the rents to the time of her death; and that during the *American* war, her house was broken open and plundered by a party of armed men, who carried away her papers which they took from a desk, but whether any will was contained among them, or what became of the papers afterwards, did not appear. She had in 1790, offered to sell the lot to one of the witnesses, and she died in 1797. Some conversations were also proved between *Christopher Youngs* and *Sarah*, tending to show that he considered the premises as her property, and that they formerly belonged to her grandfather.

It was admitted that *Sarah* and those claiming under her had been in possession, and received the rents and profits

of the premises in question ever since the death of *David Youngs.* The present action was commenced the 28th September, 1801.

As further evidence of the existence and loss of the will of *David Youngs,* the defendant offered a witness to prove the declarations of the said *Sarah,* " who at divers times in her last illness while in the perfect possession of her mind and memory, and especially a few hours before her death, had declared that her husband left a will, by which he gave her the premises in question ; which will was taken from her when her house was plundered ; that in the last instance, she made her declaration on the faith of a dying woman, and the witness and others being present, she charged him and them to attest her words in court if occasion should offer : that immediately after the death of her husband, and always during her life, she had made declarations to the same effect, and, particularly, at the time her house was plundered, she complained most of the loss of her husband's will."

This testimony was rejected by the judge, as inadmissible.

In his charge to the jury, the judge stated his opinion, that the evidence did not warrant the inference that the said *Sarah* during the life of her son, held the premises in her own right, or adversely to him, or otherwise than as guardian in socage, or dowager ; that the entry of the lessors of the plaintiff was not barred by the statute of limitations ; that the existence of a deed or will might be presumed ; but that in the present case, he did not think there was sufficient evidence to warrant that presumption ; and that the deed from *Christopher Youngs* to *Corre,* was a nullity.

The jury found a verdict for the plaintiff, which the defendant moved to set aside, as against evidence, and for the misdirection of the judge. The grounds for the application for a new trial, were,

1. That *Corre* was not an admissible witness ; or if admitted, he ought not to have been permitted to prove his own adverse possession.

NEW-YORK,
May, 1806.

Jackson
v.
Vredenburgh.

NEW-YORK,
May, 1806.

Jackson
v.
Vredenburgh.

2. That the deed for *Corre* was valid, and effectual to defeat the present action.

3. That the evidence of *Sarah's* declarations ought to have been received in evidence.

4. That there was sufficient evidence to show that *Sarah* during the life of her son, held as owner and adversely to him.

5. That the entry of the lessors of the plaintiff was barred by the statute of limitations.

6. That it should have been left to the jury to presume a will, and

7. That it appeared that the premises were the property of an ancestor of *Sarah*, and it did not appear that *David Youngs* had acquired a title to them.

The motion for a new trial was argued in *November* term last, by *Sanford* and *Hoffman*, for the lessors of the plaintiff, and by *Riggs* and *Hopkins* for the defendant.

Tompkins, J. now delivered the opinion of the court. The first point relied upon in support of the motion for a new trial is, that *Joseph Corre*, the tenant in possession of the premises in dispute, was improperly admitted as a witness. He was offered on the part of the plaintiff for the purpose of proving that when the witness accepted a deed of the premises from *Christopher Youngs*, he was in possession as tenant to the defendant. To give validity to this objection, it ought to appear, that the interest of the witness was against the defendant. For the reason of the rule of evidence which deprives the landlord of the benefit of the tenant's testimony is, that the tenant cannot be permitted by his evidence to support his own possession. (*Cowper*

* *Doe* v. *Williams.*
† *Bourne* v. *Turner.*
‡ 2d Edition.

622.* 1 *Strange* 632.† *Woodfall* 492.‡) That reason does not apply in this case, for the interest of the witness was against the party calling him. A person interested in a cause, is an objectionable witness only when he comes to prove a fact consistent with his interest ; but if he be called to give evidence contrary to that interest, he is the best possible witness, and no objection can be made to him by a party in the cause. *Rea. Ev.* 112.

The case of *Brinckerhoff* ads. *Jackson ex dem. Jones and others*, *(April term*, 1802*)* in this court, has disposed of the second point. It was there determined, that the deed of a person out of possession being void, did not preclude the grantor from maintaining an action of ejectment to recover possession of the same premises.

Another ground for a new trial is, that certain testimony offered by the defendant, and which ought to have been admitted, was overruled by the judge. This evidence was relative to the declarations of *Sarah Punderson.*

This testimony, though not immediately preceded by a declaration of the purpose for which it was intended, must be deemed from the whole case, to have been offered to prove the existence of a will, or to lay the foundation for the jury to presume a will.

Apart from the declarations of Mrs. *Punderson*, there appears no evidence upon which to found such a presumption. Those declarations are not, in my opinion, admissible for that purpose, because Mrs. *Punderson*, if living, could not have been a witness to prove that fact, as she had given a warranty deed of the premises, and consequently was interested to support a title deduced from her. It will not therefore be necessary now to determine whether under any, and what circumstances, the declarations of a competent witness *in articulo mortis*, can be introduced as legal evidence in a civil case.

But for another purpose, the declarations of Mrs. *Punderson* were clearly evidence, namely, to show in what character, or with what intent she entered, and held possession of the premises in dispute. The plaintiffs contended, and the judge, in his charge to the jury, adopted the opinion, that the mother ought to be presumed to have entered and held as guardian *in socage* to her son. Such ought undoubtedly to be the inference where the entry and perception of rents are unaccompanied with acts or declarations inconsistent with that character. In the case of *Newman* v. *Newman*, 3 *Wil.* 516, it is repeatedly mentioned, that the entry of the mother and the perception of the rents

was not attended with any declarations or acts to evince with what intention, or by what right or authority, or in what character she took possession. It was, therefore, perfectly reasonable in that case to presume the entry as guardian *in socage*, which was the only character in which the mother could rightfully enter, rather than presume a wrong, or *disseisin* by her. The facts in the present case, however, are widely different. Here Mrs. *Punderson* leased the whole as her own, and without describing herself as guardian, received and applied the whole rents, offered to sell and did sell as her own, and, uniformly, during her life declared the premises were her own, and traced her title to a will of her husband, which she alleged to have existed. These facts distinguish the case from that of *Newman* v. *Newman*.

If she held adversely to her son, an important question upon the statute of limitations would arise. But if she held as guardian *in socage*, the statute does not bar the plaintiff, for the proviso with respect to the limitation to ten years, applies only to cases where the infant does not die seised. Whether the widow in this case held adversely, or as guardian *in socage*, is a question of fact for the decision of a jury ; and for the more satisfactory determination of that question upon the evidence which was excluded upon the former trial, in addition to that upon which the verdict already given was founded, I think a new trial ought to be awarded. But as the judge was correct in overruling the testimony as improper to establish the existence of a will, and as it was not contended by the defendant's counsel on the trial, that it ought to be admitted for the purpose for which I have considered it as admissible, the rule is granted upon payment of costs by the defendant.

New trial granted.