UTICA,
July, 1831.

Jackson
v.
Leggett.

JACKSON, ex dem. Walton and Dubois, *vs.* LEGGETT.

The *record* of a certificate of incorporation of a religious society is not evi-
dence of the fact of incorporation; the certificate itself must be produced,
ed, or its non-production accounted for.

Where the evidence on which a *plaintiff* rests is not sufficient to entitle him
to a recovery, and a nonsuit is denied, a verdict will not be set aside for
such cause, if subsequently in the progress of the trial the defendant supplies
the necessary proof.

It is only in the case of a *resulting trust* that the estate of a *cestui que trust* can
be set up to bar a recovery by the person having the legal estate.

Where there are two demises in an action of ejectment, one in the name of the
*grantor*, and the other in the name of the *grantee* of the premises, and at the
time of the conveyance to the grantee the premises are held adversely, so as
to render the conveyance inoperative, the recovery may be in the name of
the *grantor*.

A conveyance by a lessor in ejectment, after suit brought, to third persons in
trust, is no bar to a recovery.

This was an action of ejectment, at the New-York cir-
cuit in June, 1820, before the Hon. OGDEN EDWARDS, one of
the circuit judges.

The action was brought for an alleged encroachment on
the rear of certain lots formerly belonging to *Christ Church*,
in Ann-street in the city of New-York, and conveyed by that
church, in pursuance of an order of the court of chancery, to
Henry Walton, by deed bearing date the 27th January, 1823·
The defendant objected to the reading of the deed, unless it
was proved that there was such a *corporation* as the grantors
were described in the deed to be, viz. " Christ Protestant Epis-
copal Church ;" whereupon the *register* of the city and county
of New-York, produced a book of records from his office, pur-
porting to be a " record of incorporations of religious denomi-
nations in the city and county of New-York," in which was
recorded a certificate of the incorporation of Christ Church, on
the 8th May, 1809, by the name described in the deed. The
counsel for the defendant insisted that the record produced
was not evidence of the fact of incorporation, and that the
*original certificate* of incorporation ought to be produced, which

objection was overruled. The plaintiff rested, and the defendant moved for a nonsuit, which was denied. The defendant proved that the premises were conveyed to Walton as the agent of the Rev. Mr. Sellon, former rector of Christ Church; that Mr. Sellon's father advanced the purchase money, and Walton was to hold the premises for the benefit of the son, because the son was an *alien,* and offered to prove that he, the defendant, entered into possession of the premises in question under an *agreement to purchase,* made by him with the Rev. Mr. Sellon, the rector of the church, which evidence the judge refused to receive. The defendant, notwithstanding his objection to the evidence of the incorporation of the church, subsequently, in the course of the trial, proved that Christ Church had existed several years before 1800 as an episcopal church or congregation, and that about 1809 they incorporated themselves anew under the name of " Christ Protestant Episcopal Church." This suit was commenced on the 9th June, 1827; in May preceding, Walton had conveyed the whole premises to *Dubois,* the other lessor, and after the commencement of the suit, to wit, on the 13th October, 1827, Dubois conveyed away his interest upon certain trusts. The plaintiff disavowed claiming *mesne profits* in this suit. The jury under the charge of the judge, found a verdict for the plaintiff, subject to the opinion of this court.

*D. Selden,* for plaintiff.

*A. Van Vechten,* for defendant.

*By the Court,* SAVAGE, Ch J. The first question is whether the proper evidence was produced to prove the incorporation of the church. I am opinion that the best evidence was not produced. The defendant objected to the record : the original certificate was higher evidence, and should have been produced, or its absence accounted for. The statute which directs the mode of proceeding to incorporate religious societies, does not make the record *evidence,* nor even the certicate, unless proved in court. Deeds proved according to the statute are made evidence without further proof, and if record-

ed, the record is evidence ; but there is no such provision as to the certificate of incorpation. The certificate must be proved and recorded before the society becomes incorporated, but that does not dispense with the production of the certificate. As the cause stood when the plaintiff rested, he should have been nonsuited : but if the defendant chooses to go into his defence, and supplies the evidence which the plaintiff ought to have produced, the reason for setting aside the verdict no longer exists. The defendant did so in this case ; he did not produce the certificate, but he proved by parol, without objection, that the congregation had long existed, and was incorporated anew in 1809. This is a sufficient answer to the objection to the plaintiff's evidence. It is an assertion by the defendant that the fact was as stated by his witness.

The next question in the case is whether the defence set up of an entry by reason of a purchase from Mr. Sellon, should have been received. The legal estate was in Walton, and in a court of law the legal estate must prevail. The only exception to the rule, of which I am aware, is in the case of a *resulting trust ;* in such case the trust may be proved by parol and the estate of the *cestui que trust* may be sold on execution, and has been so far considered the property of the *cestui que trust,* as to be a defence in an action of ejectment, 3 Johns. R 216 : 16 id. 199 ; and *Jackson* v. *Matsdorf,* 11 id. 97 ; in which last case the *cestui que trust* was said by Ch. J. Thompson to be the real owner. So also in *Jackson ex dem. Ketchum,* v. *Townsend,* (not reported) where money was sent by the defendant to purchase lands of the surveyor-general, and the deed was taken in the name of Ketchum ; in an action of ejectment by Ketchum to recover possession, we held that Townsend being the real owner was entitled to retain the possession against his trustee. That question, however, is not raised by this case ; the purchase money here was not paid by Mr. Sellon, the rector, but by his father ; a trust results therefore in favor of the father—not the son, though it was said that Walton was trustee for the son; such a trust is not a resulting trust, nor can it be proved by parol, nor is it necessary to say any thing as to the rights and remedies of the *trustee* and *cestui que trust.* It is sufficient for our purpose

UTICA,
July 1831.

Jackson
v.
Leggett.

that Walton is the legal owner of the property in question, and entitled to the possession.

It is said, however, that the plaintiff cannot recover on the demise of Walton, because he conveyed to Dubois, the other lessor, before suit brought; and that there can be no recovery on Dubois' demise, because the deed to him was executed when the defendant's possession was adverse. But the title must be in one or the other; if it did not pass to Dubois by reason of the defendant's possession, it remains in Walton; if it passed from Walton, then it is in Dubois or his trustees. The conveyance by Dubois after suit brought does not prevent a recovery in his name. In *Frier* v. *Jackson*, 8 Johns. R. 507, it was held that where all the lessors died pending the suit, the suit did not abate, but might be prosecuted for damages and costs.

The plaintiff is entitled to judgment.