By the Court,

Bronson, J.
The defendant proved that the plaintiff had parted with her title to Shultis before the suit was commenced. In answer to this evidence, the plaintiff proposed to show that, at the date of the lease to Shultis, the defendant was in possession of the premises in question, claiming adversely to her, and consequently that the lease was void.The judge admitted the evidence, and the defendant excepted to his opinion.
It is extremely well settled, that a conveyance of lands which are at the time held adversely to the grantor, is inoperative and void. It would seem to follow from this doctrine that the title remains in the grantor, and that he may assert it. in the same manner as though the deed had not been made. But it is equally well settled, that as between grantor and grantee, and persons standing in legal privity with them, the deed is operative and passes the title. (Jackson v. Demont, 9 John. R. 55; Livingston v. Peru Iron Co., 9 Wend. 516, per Savage, C. J.; Van Hoe-sen v. JBenham, 15 id. 164.) From these two propositions, to wit, that the owner has parted with his title, and that the grantee cannot assert it on account of the adverse holding which avoids the deed, it has been supposed to result as a necessary consequence that the title- was extinguished or lost. But it has been denied that any such consequence *529 follows. (Jackson v. Brinckerhoff, 3 John. Cas. 101; Jackson v. Vredenburgh, 1 John. Rep. 159 ; Williams v. Jackson, 5 id. 489; Jackson v. Leggett, 7 Wendell, 377.) Indeed, it may be laid down as a maxim in the law, that a title which once existed must continue to reside somewhere: it cannot be annihilated.
The whole apparent difficulty arises from an inaccurate statement of the consequence which results from the adverse holding at the time the deed is executed. It is often said in the books, without any qualification, that the deed is void. But that is only true in- relation to the person holding adversely, and those who afterwards come in under him. As to all the rest of the world the deed is valid, and passes the title from the grantor to the grantee. This I think is sufficiently established by the cases already mentioned and the authorities on which they rest. The deed is void as against the party who might otherwise be injured; but it is good as to all others. If the person who held adversely voluntarily abandon the possession, there can be no doubt that the grantee may enter and enjoy the land. Or, if after such abandonment a stranger enter, the grantee may bring ejectment and oust him. The stranger was in no peril .of being injured by the conveyance. His entry was tortious, and he shall not cover himself with a shield which belongs to another, between whom and himself there is no legal privity.
But as against the person holding adversely, the deed is utterly void—a mere nullity. There was an attempt to convey, but the parties failed to accomplish the object. The title still remains in the original proprietor, and he may—indeed, must—sue to recover the land. It is true that the recovery will inure to the benefit of the grantee in the deed; but that is a matter between him and the grantor, and with which the person holding adversely has nothing to do. It is enough for him that the deed does him no injury.
When it has been apprehended that a deed might be attacked on the ground of an adverse holding at the time it *530 was made, it has been usual to insert counts in the declaration on the title of the grantor and the grantee, so that if the suit failed as to the one, it might succeed as to the other. (Jackson v. Leggett, 7 Wendell, 377.) But the title is not in both of them, and it is but a poor compliment to the law as a science that it cannot decide which ought to sue. It has, I think, settled the question. When the action is- brought against the person holding adversely, or any one" who has succeeded to his right, the grantor must sue. But as against a stranger—one who does not stand in legal privity with him who held adversely when the deed was, made—the grantee must sue. In cases where the grantor may sue, he must of necessity be allowed to show the deed void when the defendant attempts to set it up to defeat a recovery. Otherwise, the defendant would first defeat the grantor by showing he had conveyed, and then defeat the grantee by showing the.deed void; and thus we might come, in effect, to the result of extinguishing a good title.
The first exception was not well taken. But I think the judge erred in deciding that the plaintiff was entitled to recover. Her right to recover depends on the enquiry, whether the lease to Shultis was void on the ground that the defendant held adversely to the plaintiff at the time the lease was made in July, 1839. The words of the only witness to this point are—11 the defendant did not claim a right to hold the same as tenant thereof to the plaintiff, but claimed it as against her, and adversely to her right of possession.” On looking at the whole case, it is easy to see what the witness meant. The defendant did not claim to hold the four acres as tenant to the plaintiff, because it was not included in his lease; and he claimed against her, because he insisted that the four "acres should have been included in the -lease. The witness thinks this was holding “ adversely-;” but we must look at the facts. When the lease of 1798 expired on the falling of the last of two lives in December 1836, the defendant remained in possession as tenant at sufferance to the plaintiff. Within a few days afterwards, he took an agreement for a *531 new lease, and on the first of May following the lease was executed. During the intervening period he clearly did not hold in hostility to the plaintiff. After receiving the new lease, the character of his possession, so far as relates to the four acres, was more equivocal. If, as he contends, the four acres should have been included in the lease as a part of the farm, he may, perhaps, be regarded as still holding the four acres under an agreement for a lease. But if the agreement did not extend to the four acres, he is, as to that piece of land, still holding over after the termination of the prior life estate of his father, and so a tenant at sufferance. In either view of the matter, his possession was not hostile to the plaintiff, but in subordination to her title. It is true that a controversy sprung up between- the parties concerning the four acres; but neither angry feelings nor hard words will constitute an adverse possession. The defendant never denied the plaintiff’s title. He constantly admitted it, by insisting that she ought to give him a lease of the premises in question.
Such was the state of things when the lease to Shultis was executed. The plaintiff was not selling a pretended title. There being no adverse possession, the lease was operative; and as the plaintiff had parted with her title before this action was commenced she cannot recover.
New trial granted.