By the Court, Nelson, Ch. J.
Í am of opinion that the learned judge erred in his disposition of this case at the circuit. The written instrument or “ call” relied on to bind the defendants, does not purport on its face to bind them, büt the contrary. If any legal obligation at all is to be predicated upon it in favor of the plaintiff, which may be questionable; it is an. obligation assumed by the congregation, through its authorized agents; and nothing more. To charge the subscribers of the “ call” individually with the payment of the pastor’s salary, would be an utter perversion of the scope and object of this well known instrument. The form, character and purpose of it, as well as the authority whence it issues, will be seen by referring to the fifteenth chapter of the Form of Government &c. of the Presbyterian Church, (Const. of the Presb. Church, p. 436, ed. of 1842,) which may be resorted to, upon established principles of law, in order to arrive at the true meaning and legal effect of the “ call.” It will there be found to be an instrument issuing from the congregation, which may be signed either by the elders and deacons, by the trustees, or by a select committee, and attested by the moderator of the meeting. In the case before ,us it did so issue; was signed by three elders and one trustee, and attested by the moderator.
The plaintiff was himself a minister of the presbyterian denomination, and was of course familiar with the-prescribed mode of proceedings preparatory to and in the making out of a *533 “call” in due form. Indeed; in this case it appears he presided at the first meeting of the congregation, and was deputed to draw up the instrument in conformity with the prescribed mode; that he drew and accepted it in pursuance of the regulations of the Form of Government, and was thereupon installed as pastor.
Under all these circumstances, it is impossible that the plaintiff or any one else should mistake the character or intended effect of the instrument, either in a legal or ecclesiastical sense. It purports on its face to be the act of the congregation, was put forth, accepted and relied upon as such, and it would have been worse than a nullity for all the sacred and pious objects for which it was created, had it not been their act. (Brockway v. Allen, 17 Wend. 40.)
The paper, judging from the established course of proceeding in the regular instalment of a pastor over a congregation, appears to be an instrument of a purely ecclesiastical character, having relation to the spiritual concerns of the church, rather than to its temporal affairs. True, it contains a recognition of the annual stipend agreed upon, and an assumption on the part of the congregation to contribute the same, in order, as is said, that the pastor “may be free from worldly cares and avocations.” But the trustees are the body legally constituted under the statute to take charge of all the temporalities of the congregation, and to manage and control the same. (3 R. iS. 207, § 3, 4, 2d ed.) They are the body; therefore, that should attend to the raising and’ payment of the minister’s salary.
The defendants proposed, in the course of the trial, to prove the incorporation of the congregation, by the production of the record from the clerk’s office, which was rejected. Whether rejected as incompetent proof df the fact, or as impertinent and immaterial, is not stated: The ground of the. objection -should have been specified. If rejected on the ground that the evidence was incompetent to prove the certificate filed under the statute, the decision was doubtless correct. The original should have been produced, or accounted for, according to the case of Jackson v. Leggett, (7 Wend. 377.)
New trial granted.