McKinney, J.
delivered the opinion of the court.
This is an action of ejectment. It appears from the record, that the lot of ground described in the declaration was levied on and sold at execution sale, as the property of Gwynn Foster, and purchased by William Collins, in satisfaction of a judgment recovered by said Collins, in the circuit court of Bedford, against said Foster and others.
On the 2d of July, 1849, Collins — to whom the sheriff had executed a deed for said lot of ground — sold and conveyed the same to Nance, by whom this action was brought in said cir- *190 euit court of Bedford, on the 17th of July, 1849. The declaration contains two counts; one on the separate demise of Nance, the other on the demise of said Collins.
It further appears, that on the night preceding the day on which said judgment in favor of Collins was rendered, the defendant, Foster, made a fraudulent conveyance of the lot in question to Wilson, one of the defendants to this action, who took possession thereof, and held the same at the date of the conveyance made by Collins to Nance.
It also appears, that in the action of debt, of Collins vs. Foster and others, the transcript of which is made part of the bill of exceptions, there were four defendants. In the margin of the entry, upon the record, of that suit, which recites the verdict of the jury and judgment of the court, the names of only three of the defendants are stated; the name of Richard Bandy, one of the defendants, being omitted. The jury, in that case, found the issue of “no assignment” in favor of the defendant. Rushing, and all the other issues in favor of the plaintiffs.” The judgment rendered on the verdict was, that the defendant Rushing go hence, &c., and “that the plaintiff recover of the defendants the balance of the debt,” &c.; the names of the defendants, except Rushing, not being mentioned either in the verdict or judgment.
Upon this state of facts several questions have been raised.
1st. It is argued that the conveyance from Collins to Nance is champertous, because of the possession of Wilson at its date. Upon this point it would be sufficient, for the decision of the present case, to state, that the question of champerty was fairly submitted to the jury, and they have, by their verdict, negatived the existence of the facts. But, admitting the fact to be so, it is well settled that when the conveyance is void for champerty, the title remains in the grantor, so as to enable him to maintain an action of ejectment upon it; and the void deed cannot be setup by a third person to the prejudice of his *191 title. 4 Kent’s Com. 448, (5th edition); 5 Johns. Rep. 489; 6 Mass. Rep. 418. The champertous conveyance, at least as against the person whose interest might be affected thereby, is a nullity in law. It is an attempt to convey the title, under circumstances which, in law, make the deed wholly ineffectual for that purpose. And as the title must still exist and be vested in some one, it is considered as remaining in the vendor, and he may sue and recover the land ; though such recovery would enure to the benefit oí the purchaser, the conveyance being good as between the parties, at least by way of estoppel. 4 Kent’s Com. 448. Or the purchaser may maintain an action of ejectment, joining a count on the demise of the grantor, and in this mode recover the lands conveyed to him. 7 Wend. 377, 2 Hill’s N. York Rep. 526.
2d. The second and more important ground of error relied upon is, that the execution sale was void and communicated no title to the purchaser, because of irregularity in the proceedings in the rendition of the judgment, and the issuance of the execution, under which the sale took place. Upon this assignment of error two questions are presented. First. Is the judgment to be construed as having been rendered only against the three persons whose names are mentioned in the margin of the entry upon the record ; or, is it to be regarded as a valid judgment against all who were properly and technically parties defendant to the suit, except as to the defendant who was discharged by the verdict and judgment. This question presents no serious difficulty. The omission of the name of the defendant, Bandy, in the margin of the record, is a matter of no consequence. The judgment, in terms, is against the defendants, without naming them. This, in legal effect, is a valid judgment against all who are regularly defendants to the suit; and who are such, is a matter to be ascertained by reference to the process, pleadings and proceedings in the suit. The act of the Clerk, in omitting to state the *192 name of one of the defendants in the margin of the entry, can have no influence in the determination of the question who are, or who are not, properly the defendants to the suit.
But, the second and much more difficult question is, was the Sheriff’s sale inoperative to communicate title to Collins, the purchaser, by reason of the omission to insert the name of the defendant, Bandy, in the execution; or, in other words, by reason of the variance between the judgment and execution upon which the land was sold? The distinction between void and voidable process, as respects the validity of a sale, as well as in other respects, is well established. There is no question that a sale under process utterly void for any cause, is to be treated as a nullity, as against all persons. But it is equally clear, that a sale under process merely voidable for some error or irregularity, may be valid, and operative to communicate a good title. And it has been adjudged by this court, that the failure of the execution to pursue the judgment, by omitting the name of one of the defendants, is merely an irregularity, for which, in a proceeding for that purpose, the execution might be superseded and quashed; but that a sale under such erroneous and voidable execution, is valid, and passes title to the purchaser. Lee vs. Crossna, 6 Hum. 281.
But in the case of Waite vs. Dolby, (8 Hum. 406,) cited and relied upon by the counsel for the plaintiffs in error, the distinction is recognized between the effect of a sale under voidable process, where the purchaser is a stranger to the proceedings ; and where the plaintiff in the judgment, who sued out and put in motion such irregular process, becomes the purchaser. In the former case it is held, that the purchaser may assert a valid title to the property purchased, but not so in the latter case. That case was an action of detinue, where the judgment was in the alternative, that the plaintiff recover the specific chattel sued for, or the assessed value in damages. And it was held, that a writ of distringas should have first *193 issued to take the specific property if to be found, and consequently, this not having been done, that the issuance of a writ of fieri facias, in the first instance, upon which the defendant’s land was levied on and sold, and was purchased by the plaintiff in the execution, “was unlawful; by which was meant, of course, that it was void; and consequently, that no title was acquired by the purchaser. But the reasoning of the case, as well as the authorities cited, sanction the doctrine, that a purchase by the plaintiff in the judgment, who has caused the irregular process to issue, will be unavailing as to him. He is presumed to know, and bound at his peril to know, not only that the tribunal had jurisdiction of the cause, but likewise that the proceedings were regular and in legal form, so far at least as regards all matters of substance. But not so as to a stranger to the proceedings; he is bound only to know that the tribunal had competent jurisdiction, and is not charged with a knowledge of the regularity of the proceedings. A stranger, therefore, not without an apparent share of reason, stands upon very different and much more favorable ground than the party to the judgment. The distinction proceeds, perhaps, not upon the ground that the title does not pass by a sale under voidable process, where the party suing out such process becomes the purchaser, but rather upon the notion that, for his wrongful act in causing such irregular process to issue, he will not be permitted to avail himself of the title thus acquired. But this is only a sort of disability, or estop-pel, personal to himself, and cannot, we think, be applied to a stranger to the proceedings, taking a conveyance from him of the title acquired by the execution sale. The purchaser from him, in such case, may be regarded as standing somewhat in the condition of an innocent purchaser, without notice of the fraud or equity existing against his vendor, and whose title is not affected thereby.
Conceding, therefore, that Collins himself could not have *194 recovered in an action of ejectment, brought for his own benefit, it does not follow that his vendee may not recover, either upon his own demise, or, in a case where the conveyance was affected with champerty, upon a demise in the name of the vendor. We hold, that he may so recover.
The result is that, in our opinion, there is no error in the record, and the judgment will be affirmed.