ELIZA A. VROOMAN, RESPONDENT, *v.* MYRON H. KING
AND OTHERS, APPELLANTS.

*Evidence—Real Estate—Declaration of seller after sale, not competent as to Title
of purchaser.*

The declarations of a party made after he has disposed of all his estate in
lands, are not competent evidence affecting the title of the party purchasing
such estate. Although there was no positive evidence that the party making
such declaration had at the time of making the same, surrendered the posses-
sion, the presumption is that he had at the time parted with all his interest in
the premises.

*E. F. Bullard* for Appellants.
*J. Brotherson* for Respondent.

DAVIES, CH.J.—This is an action of ejectment, and upon the
trial the Plaintiff sought to show title in herself, and out of the
Defendant, by proving the declarations of one Reeves, a former
owner of the land, and through whom the Defendant claimed
title.

Solomon Higgins, a witness for the Plaintiff, was asked : " While
Reeves was in possession, what did you hear him say in relation
to the title or ownership of that land ? " Answer : " I heard him
say he had no title in the land ; he had better get a little some-
thing for it than lose it ; that the widow Kissam was coming to
claim it." (The Defendants' counsel objected to the evidence as
being what Reeves had said after he sold his possession. Objection
overruled for the present, and exception taken.) " I heard Reeves
say to his wife that he had nothing but a squatter's title. She was
desiring to know why he sold it." (Same objection, ruling, and
exception as above.) " The first conversation was with a young
man who lived there ; the next was when he sold ; the old man
Reeves had been to Jones, and when he came home he said :
' Wife, I have sold my pine land.' She said : ' You have been in
a scrape, and given old Jim Jones that land.' He said he had not,
that he had sold it to Jones and given him twenty years to pay
for it in ; that the widow Kissam was coming to take the land away

from him; that he could not hold it if she came." (This evidence was here objected to by the Defendants' counsel, because it was sayings of · Reeves after the sale of land by him, and not evidence against Jones and those claiming under him. The objection was overruled for the present, and to be considered in the charge, and the Defendant excepted.) At a subsequent stage of the trial the Defendant, by his counsel, made a motion to strike out the evidence of Higgins. Motion overruled for the present, on the ground that the Court would submit to the jury the question whether Reeves was in the actual possession of the premises when the conversation took place between Reeves and his wife. If not in the actual possession at the time of the premises in question, the jury would be instructed that the admissions of Reeves were not in evidence. The Court charged, among other things, as follows: " That part of the testimony of Solomon Higgins detailing conversations between Reeves and his wife, and Reeves and a young man, is objected to by Defendants' counsel, because, as he alleges, it was made by Reeves after he had sold his interest in his land to Jones. If I could determine certainly from the language used by the witness, that what Reeves said was after he had actually sold to Jones, I should have rejected it and not troubled you with it. Such sayings of Reeves are not proper evidence in this case, and it will be your duty to disregard it, unless said by Reeves while in possession of the premises in question. If it was after he sold to Jones, but before he delivered possession, the evidence is then proper for your consideration; but only then to characterize his possession. If, however, from the language of the witness, you come to the conclusion that the whole or any part of what Reeves said was after sale and delivery of possession to Jones, then you must entirely disregard the whole of such part of Reeves sayings as evidence, and dispose of the case without allowing it to have any influence upon you."

The jury thereupon rendered a verdict for the Plaintiff, and the Defendant makes his bill of exceptions, and upon hearing the same at General Term the Defendants' objections were overruled, and judgment on the verdict affirmed.

It is proper to observe, that on the trial the Plaintiff offered in evidence the deposition of Raymond Taylor, taken conditionally under the statute, and the same was objected to by the Defendants on the following grounds : There was no certificate of the officer taking the same that it was taken before him, or regularly taken, or that it had been carefully read over to the witness ; also that there was no certificate thereof by the said officer, but merely a jurat. The objection was overruled and the deposition read in evidence, to which the Defendants' counsel duly excepted. The caption and conclusion of the deposition were in these words : " Albany, ss. Deposition of Raymond Taylor, a witness on the part of the Plaintiff in above-entitled action, taken before the undersigned, County Judge of Albany County, de bene esse, pursuant to the statute, and the order hereto annexed, at the time and place in said order mentioned, in presence of the counsel for the Plaintiff, and also the counsel for the above-named Defendant. The said witness, Raymond Taylor, being by me duly sworn, deposes and says :     *     *     *     *     *     *     *

    " Signed,        RAYMOND TAYLOR.

" Sworn before me, }
 28 May, 1851.  }

  " WM. PARMELEE, County Judge."

No exceptions were taken to the refusal of the judge at the Circuit, to strike out the testimony of Solomon Higgins, upon the Defendants' motion. Nor were any exceptions taken to the charge of the judge. The only exception taken which can properly be reviewed in this Court, is that to the reception of the evidence of Reeves, the immediate grantee of Jones, from whom Defendants claimed title. A careful reading of the whole of this testimony carries the clear conviction that Higgins was testifying to declarations and statements made by Reeves after he had sold the premises to Jones, and while he still remained in possession of the premises so sold. It is manifest that the judge at the circuit so understood the testimony, for he charged the jury that if these conversations were after Reeves sold to Jones, and after he ceased to continue in possession of the premises, then the

jury were to disregard them; but if at the time they were made
Reeves was still in the possession of the premises, even though
made after the sale, then they were competent evidence. And
the distinction drawn by the judge in his charge, presents neatly
the point for adjudication. Were the statements made by Reeves
after the sale by him, and while in possession of the premises, com-
petent evidence? The reason why the declarations or statements
of a party are ever admissible is, that they affect his title or pos-
session, and characterize the same while owner or in possession, and
are consequently binding upon the party making the same and his
privies. But if made by a party not an owner at the time, upon what
principle can they be held to affect his grantee? Ch. J. Thompson,
in Jackson *v.* Aldrich (13 Johns. 106), thought this rule very
clear, as he says : " For it is a proposition that cannot be question-
ed, that a grantor cannot, after the execution of his deed, lawfully do
any act to prejudice the rights of his grantee. Nor are declarations,
confessions, or admissions of his to be admitted against the grantee."
The same principle was affirmed by the Chancellor in Varick *v.*
Briggs (6 Paige, 323). The doctrine is very fully discussed by
the Chancellor in Padgett *v.* Lawrence (10 Paige, 170). The
Chancellor says : " As a general rule, declarations made by a per-
son in possession of real estate, as to his interest or title in the prop-
erty, may be given in evidence against those who *subsequently*
derive title under him ; in the same manner as they could have been
used against the party himself if he had not parted with his
possession or interest. On the other hand, it is equally well settled
that no declarations of a former owner of the property, made after
he had parted with his interest therein, or which are overreached
by the purchase of the party claiming through or under him, can
be received in evidence to affect the legal or equitable title to
the premises " (1 Cowen & Hill's Notes, 644, 655). And in this
case it was held, that declarations made by the owner of real
estate, subsequent to the docketing of a judgment, by virtue
of a sale under which a purchaser claimed title to the premises,
were inadmissible to defeat the title of such purchaser. In the
case at bar, as already observed, the fair inference from the whole

testimony is, that the declarations of Reeves admitted in evidence, were made after his sale to Jones. The term sale, as here used, imports a conveyance of the premises, or a parting with the interest which Reeves had therein to Jones, and thereafter Reeves could do no act to prejudice the rights of his grantee. Jones did not derive his title subsequent to such declarations, but prior thereto, and therefore they were inadmissible to prejudice the title which Jones then had acquired by virtue of the sale to him. It is true that the rule is well settled in our own and the English courts, that the declarations of the person in possession of the premises, as to title, are admissible against the person making the same and all who claim title under him (Jackson *v.* Vredenburgh, 1 Johns. 159 ; Jackson *v.* Bard, 4 Johns. 230 ; Pitts *v.* Wilder, 1 Coms. 525 ; 1 Esp. R. 458 ; 2 Term 53). But, in all these cases, the possession was that of a person claiming title, and acting in accordance with such claim, and not by one disclaiming title and declaring at the time that his possession was not that of owner, but at the will and sufferance of another—the real owner. In Jackson *v.* Vredenburgh stress was laid upon the circumstance in admitting the declarations, that the person making the same had leased the whole premises as her own, had received and applied the whole rents, had offered to sell and did sell the premises as her own, and uniformly during her life declared the premises to be her own. In Jackson *v.* Bard the declarations admitted were by a person who went into possession of the premises under an agreement to purchase, and remained there in that character, and subsequently took a deed, and the Defendant claimed title under him. The witness was asked in that case what he heard Smith say about his title while he was in possession, *and before he sold the premises.*

Reeves, after the sale to Jones, by continuing in possession of the premises sold, was the tenant at sufferance of Jones (Hyatt *v.* Wood, 4 Johns. 150 ; S. C., id. 213 ; Jackson *v.* Aldrich, 13 Johns. 106 ; 4 Kent. Com. 131). In any aspect in which the question may be regarded, can the declarations of Reeves, after his sale to Jones, be received as evidence for any purpose,

although it be assumed. that they were made before Reeves actually delivered the possession of the premises to Jones. The declarations of Reeves, while a mere tenant at sufferance of Jones, as he certainly was after the sale to him, could not, under any circumstances, be received as evidence against the latter, or those claiming under him, to prejudice or impair his or their title to the premises. And if it be doubtful whether the declarations were made by the grantor before or after he made the sale and gave his deed, they cannot be received in evidence. It is incumbent on the party claiming to put in evidence such declarations to lay the proper foundation for their introduction. It therefore becomes his duty clearly to establish, in the first instance, that the declarations were made before the execution of the deed, and before he parted with his interest in the premises (1 Cowen & Hill's Notes, 686 ; 2 Gill. & Johns. 326, 343–4).

It is very clear that in this case the whole statement of Reeves must be taken as an entirety ; and, by one portion of it, it distinctly appears that previous to the making thereof he had sold the premises to Jones. This fact thus appearing, the residue of his declaration in relation to his title was inadmissible, and should not have been received ; and as it already had been, notwithstanding the Defendant's objection, it should have been stricken out on his motion, and wholly withdrawn from the consideration of the jury. For this error a new trial must be granted.

I have not overlooked the objection taken to the introduction of the deposition of Raymond Taylor. I am inclined to the opinion that the statements in the caption of the deposition, and the jurat and the certificate thereof by the officer who took the same, and his certificate endorsed on the back of the deposition, are substantial compliances with the provisions of the statute. But as it is not necessary to pass upon that question, it is to be understood that no definite opinion is expressed upon it.

Judgment should be reversed and a new trial ordered, costs to abide the event.

GROVER, J.—Action to recover an undivided share of lots A and B, subdivisions in Kayaderoseros Patent. Upon the trial the Plaintiff proved title to one-fifth of lot B in her ancestor, and a descent of one-twentieth of such share to her. The Defendant, who was tenant of one Jones, gave evidence tending to show that portions of lot B had been actually enclosed and held by him and those whose estate he held adversely to the title of the Plaintiff for more than twenty-five years before suit brought. To rebut this defence, the Plaintiff gave in evidence various declarations of parties in possession, tending to show that such parties did not claim title, but recognized the title which Plaintiff claimed. To some of the evidence so given the Defendant's counsel excepted, and the only questions in the case arise upon these exceptions. After judgment at the General Term for Plaintiff, the Defendant appealed to this Court.

The Plaintiff showed title to the premises found for her by the verdict. Of this no question is made by the Defendant. From the exceptions it must be assumed that the Defendant gave evidence authorizing the jury to find that the Defendant, and those whose estate he had, had occupied the premises adversely to the Plaintiff's title for upward of twenty-five years before suit brought. To rebut this defence the Plaintiff gave evidence tending to show that those in possession had from time to time recognized the validity of the title under which she claimed, and that they had disclaimed any title in themselves. Numerous exceptions were taken by the Defendant to the evidence given by the Plaintiff, and the only question in the case is whether any of these exceptions are well taken. It appeared that William Reeves was in possession for some years of a portion of the premises recovered by the Plaintiff. The Plaintiff proved that the old man Reeves had been to Jones, and when he came home he said : " Wife, I have sold my pine land " (land in question). She said : " You have been in a scrape, and given old Jim Jones that land." He said he had not; that he had sold it to Jones and given him twenty years to pay for it in. He had better get something than nothing ; that he had no title ; that the widow Kissam was coming to take

8

the land away from him ; that he could not hold it if she came. The case states that this evidence was here objected to, on the ground that it was the declaration of Reeves after he had sold; that the objection was overruled for the present, and to be considered in the charge; and Defendant's counsel excepted. The judge, in substance, charged the jury that he could not tell certainly whether these declarations were made before Reeves sold to Jones or not. That if he could, and it was after he sold, he should have excluded it ; if before, it was competent. He further charged that if it was after he sold to Jones, but before he gave up possession, it was still competent. I think the learned judge fell into an error in determining the question as to the competency of this evidence. It was his duty to determine that question. He had no right to submit it to the jury upon any facts to be found by them. Were this so, a party could never know what evidence had been received, and what rejected. Still, if the evidence was competent, the party objecting could not complain that its admissibility was left to the jury. No injury would be done to him. The evidence should have been held competent by the Court, and the chance given for its rejection would be an error in favor of the party excepting. But the evidence should have been rejected by the judge. The Plaintiff introducing the declaration of Reeves, that proved as against him that he had sold the lot, and, the presumption was, had given up possession. This presumption was not overcome, for there was no evidence that Reeves ever had anything to do with the land after this conversation. The plain inference from his declarations was, that Reeves had parted with all his interest in the land and delivered possession to Jones. There was no ground, therefore, upon which his declarations could be received to defeat or impair the title of Jones, and receiving them and submitting them to the jury whether they should be considered as evidence, was error. It was for the Plaintiff to show that evidence offered by him was competent. It was not enough to create a doubt in the mind of the judge, and then leave it to the jury to determine how the matter stood. There can be no doubt but that the evidence tended strongly to the prejudice of the

Defendant. The jury, after testimony to his disclaimer of title, and declaration that Mrs. Kissam was coming, and would hold the land, and that for these reasons he had sold, would regard it as conclusive that he had not and did not claim title, but that the land was Mrs. Kissam's.

This renders it unnecessary to examine any of the other exceptions. The judgment should be reversed, and a new trial ordered.

JOEL TIFFANY,
State Reporter.