THOMAS J. CHAMBERLAIN AND OTHERS, EXECUTORS, ETC., PLAINTIFFS, *v.* HASCAL L. TAYLOR AND OTHERS, DEFENDANTS.

*Conveyance of lands held adversely — when the grantee cannot sue in the name of his grantor — 2 R. S., 691, sec. 5 — Code of Civil Procedure, sec. 1501.*

A person who, in violation of section 5 of 2 Revised Statutes, 691, takes a conveyance " of any lands or tenements, or of any interest or estate therein, from any person not being in the possession thereof, while such lands or tenements shall be the subject of controversy by suit in any court, knowing the pendency of such suit, and that the grantor was not in possession of such lands or tenements," cannot, under section 1501 of the Code of Civil Procedure, maintain an action to recover the possession thereof in the name of his grantor.

MOTION by the plaintiffs for a new trial on a case and exceptions, ordered to be heard in the first instance at the General Term, after a verdict in favor of the defendants ordered at the circuit.

*E. D. Smith*, for the plaintiffs.

*Carey, Jewell & Ramsey*, for the defendants.

DWIGHT, J.:

This was an action of ejectment brought by grantees of the lands in question, in the names of their grantors, under section 1501 of

the Code of Civil Procedure. That section provides that an action to recover real property or the possession thereof " may be maintained by a grantee * * * in the name of the grantor, * * * where the conveyance under which he claims, is void because the property conveyed was held adversely to the grantor." The provision is equivalent to the last clause of section 111 of the former Code of Procedure, and both were doubtless intended as a legislative declaration of the law as it previously existed and had been frequently declared by the courts of this State. (See *Jackson* v. *Vredenburgh*, 1 Johns., 159; *Williams* v. *Jackson*, 5 id., 489; *Jackson* v. *Demont*, 9 id., 55; *Jackson* v. *Leggett*, 7 Wend., 377; *Livingston* v. *Proseus*, 2 Hill, 526; *Hamilton* v. *Wright*, 37 N. Y., 502.)

These cases and others to the same effect are divisible into two classes: The one relating to deeds which are merely void by reason of possession adverse to the grantor at the time of the execution of his deed (1 R. S., 739, § 147); the other to deeds taken in violation of an early penal statute of this State corresponding to a statute of 32 Henry VIII, which is not now on our statute books. It was enacted in 1788, re-enacted in 1801 (1 Rev. Laws, 173, § 8), and repealed by the Revised Statutes. It imposed a penalty of the forfeiture of the value of the land upon any person giving or taking a conveyance of lands not being in the possession of the grantor, or of which he had not received the rents or profits for one whole year before the making of the conveyance. In the first class of cases it was held that, the deed being void, the title remained in the grantor and might be enforced by him; and being so enforced it enured, on the principle of estoppel, to the benefit of the grantee. In the second class of cases mentioned it was held that the statute being a penal one " was to be construed strictly and no forfeiture superinduced beyond its positive provisions," and that to hold the title of the grantor extinguished would be to add the penalty of a forfeiture of the land itself to that of the forfeiture of the value of the land prescribed by the statute.

No one of these cases, nor any case to which we are referred, relates to a deed which is obnoxious to our existing statute, which makes it a criminal offense to take a conveyance of lands from any person not being in possession, which are the subject of controversy

by suit in any court at the time of the conveyance, the grantee having knowledge of the facts. Such is the existing statute (2 R. S., 691, § 5), and the case at bar is precisely within the category there described. In this case the grantees, the real plaintiffs in this action, had themselves commenced an action for the recovery of the same lands against the same defendants, as in this action, and while such first action was pending they took from the nominal plaintiffs in this action a conveyance of the same lands, of course with full knowledge that their grantors were out of possession, and that the lands conveyed were at the time the subject of controversy in a suit begun and prosecuted by themselves.

The case, therefore, presents the naked question whether, by an act or contract in direct violation of a criminal statute of this State, a person can acquire rights which he can enforce by action in our courts. The question answers itself upon elementary principles of law and common sense. The courts do not lend themselves to the enforcement of pretended rights, the very acquisition of which is a crime. And there is nothing in the provision of the Code of Civil Procedure referred to, to countervail a principle so necessary to a decent administration of the law. It is not the province of a rule of practice in civil actions to override or nullify a criminal statute, and such is not the purpose or effect of the rule of practice here invoked. That rule may have application in cases where, under the statute first above cited, the deed is void by reason of adverse possession merely; or to cases where, for want of the *scienter* required by the statute applicable to this case, the act of taking the deed is not a criminal offense.

The conclusion already indicated does not result in the extinguishment of the title of the grantor in such a deed, if he has any; that title still remains in him and may no doubt be enforced by him. It cannot be enforced by his criminal grantee either directly or by the indirection of an action in the name of his grantor.

On the ground here considered, the judge at the circuit was clearly right in directing a verdict for the defendants.

The motion for a nonsuit must be denied.

SMITH, P. J., concurred.

HARDIN, J.:

I concur in the foregoing opinion of Brother DWIGHT. I think the case falls within the principles laid down by ALLEN, J., in *Pepper, Administrator,* v. *Haight* (20 Barb., 429).

New trial denied; judgment ordered for the defendants on the verdict.

Present — SMITH, P. J., HARDIN and DWIGHT, JJ.

New trial denied.