Finch, J.
This is an action of ejectment. The plaintiffs sue as executors of the will of Benjamin Chamberlain, deceased. They allege title in themselves and right of possession ; a conveyance by them to one Ensign and others ; an adverse holding of the premises at the delivery of such deed ; and claim to recover for the benefit of their grantees. The defendants deny the material allegations, and put in issue the title asserted. Upon the trial, the plaintiffs showed title in *476 the testator by a patent from the state; proved his death, his will, its due probate, their letters testamentary, and their conveyance to Ensign during an adverse holding, and rested.
There was no motion for a nonsuit.
The defendants gave evidence, for the most part under objection, consisting of the judgment finally construing the will of Chamberlain, and the decrees of the surrogate, settling the accounts of the executors. At the close of the evidence, 'the defendants requested the court to direct a verdict in their favor. No ground of the request was assigned, but it was granted, and the plaintiffs excepted. The judgment thereupon entered was affirmed by the general term, but for reasons in which we do not concur.
If we assume, as was asserted, that both grantors and grantees were guilty of a misdemeanor, the former for conveying, and the latter for accepting a deed of land held adversely, and the title to which was, at the time, involved in litigation, still the conclusion of the general term does not follow. The criminal law affects the deed given in violation of its command, but not the grantor’s previous title. The former may be void, but if it is, the grantor’s title has neither been extinguished nor transferred, and remains valid and effectual. Upon it the grantors may rely as against trespassers, and occupants without title. Upon it they do rely in this action. They are the sole plaintiffs here, and we can recognize no others. Their action is not founded upon the illegal deed, but upon a disaffirmance of it. It is the legal title of the grantors, which has in it no vice born of the violation of the criminal law, which the defendants are called upon to answer. The grantees are not before us. That they may and will reap a benefit from the recovery of the grantors, does not deprive the latter of their title, or serve to weaken or defeat it. That is an after question, between grantors and grantees, with the solution of which the de *477 fendants have no concern. If the deed is utterly void, an absolute nullity, because it was a crime to give and receive it, then certainly the plaintiffs may recover as owners of the legal title, which has never passed from them. If on the contrary, it is only void as to the defendants, and good between the other parties, then the Code permits the action in the name of the plaintiffs, for the benefit of the grantees. In either event the grantor’s title can be asserted and established. Similar actions have always been sustained.
Under the old practice, before the Revised Statutes, the plaintiff could count upon different demises from different lessors, and recover upon the title of the grantor, when that of the grantee was rendered void by an adverse holding (Jackson v. Vordenburgh, 1 Johns. 159 ; Jackson v. Dumont, 9 Johns. 55 ; Jackson v. Leggett, 7 Wend. 377). The same, mode of pleading was sustained after the use of fictitious names was abolished, and counts were permitted in the names both of grantor and grantee (Ely v. Ballentine, 7 Wend. 470; Livingston v. Proseus, 2 Hill, 528). In the case last cited, the correct doctrine was thus stated: “As against the person holding adversely the deed is -utterly void, a mere nullity. There was an attempt to Convey, but the parties failed to accomplish their object. The title still remains- in the original proprietor, and he may, indeed, must sue to recover the land. It is true the recovery will enure to the benefit of the grantee in the deed, but that is a matter between him and the grantor, and with which the person holding adversely has nothing to do. It is enough for him that the deed does him no injury.” When the Code enacted that actions should be brought in the name of the real party in interest, the new difficulty was removed by the special provision allowing the action, although for the benefit of the grantee, to be brought in the name of the grantor (Code Pro. § 111; Code Civ. Pro. § 1501).
*478 If there is any jar between the civil and criminal law upon this subject, it can only occur in some action founded upon the illegal deed, and not in one which concedes its illegality and rests upon a valid title. It cannot be that a mere trespasser can defeat the grantee of the true owner, because his deed is void, and then defeat the grantor because' the deed is good.
But the judgment is defended upon the further ground that under the will of Chamberlain and its construction by the courts, the executors took no title, but the fee descended to the heirs-at-law, subject only to the execution of the power of sale ; and that such power is spent and dead because all its purposes are accomplished. The point appears to be serious, and strikes ns as worthy of careful consideration. But it does not appear to have been suggested on the trial; it has not been considered by the general term; and the complete provisions of the will are not before us. There may be something in them which would modify the inference to be drawn from the brief extracts furnished in the printed case. We therefore express no opinion upon it, but leave it to be considered on a new trial, and in the light of the full and complete facts which will doubtless be supplied.
The judgment should be reversed, and a new trial granted ; ■ costs to abide the event.
All the judges concurred.