CAROLINE F. DAVID, Appellant, *v.* THE WILLIAMSBURGH CITY FIRE INSURANCE COMPANY, Respondent.

Where a person, with intent to convey title, executes a conveyance of property in a name not his own, he is bound by the name he thus adopts,

which will be considered as his name *pro hac vice,* and the conveyance is effectual to vest title in the grantee.

In an action upon a policy of fire insurance, upon real and personal property, the defense was that, at the time of the insurance and of the loss, the property did not belong to plaintiff. Defendant's evidence was to the effect that H., who was then the owner, conveyed the property in form to M., a fictitious person, and then in the name of M. he conveyed it to plaintiff. The court charged the jury, in substance, that if they believed there was no such person as M., or that he never executed the conveyance, they must find for defendant. *Held,* error; that, as it was to be assumed, the conveyances were executed by H. with the intention of vesting title in plaintiff to whom they were delivered, and who the proof tended to show took and held possession of the property, although the conveyance to M., there being no such person, was invalid, yet the conveyance in the name of M. to plaintiff was valid as against H., and the plaintiff showed sufficient title to maintain her action.

(Argued December 10, 1880; decided December 21, 1880.)

Appeal from judgment of the General Term of the City Court of Brooklyn, entered upon an order made September 26, 1879, affirming a judgment in favor of defendant, entered upon a verdict.

The nature of the action and the facts appear sufficiently in the opinion.

*Walter S. Logan* for appellant. Where one executes an instrument, or does an act in the name of another person, without authority or in a fictitious name, he is himself bound thereby, and can never be heard to test the efficacy of his own act to accomplish that which it purports to accomplish. (*Palmer* v. *Stephens,* 1 Den. 480; *Bank* v. *Flanders,* 4 N. H. 239; *Brown* v. *Butchers & Drovers' Bk.,* 6 Hill. 443; *Merchants' Bk.* v. *Spicer,* 6 Wend. 443; *Rossitor* v. *Rossitor,* 8 id. 495; *Petition of Snook,* 2 Hilt. 575; Edwards on Bills and Notes, 90, 91.) The proof that plaintiff was in possession is *prima facie* evidence of title to personal property, and the jury would have been justified in giving her a verdict on this evidence alone. (1 Greenleaf on Evidence, § 34; *Rowley* v. *Brown,* 71 N. Y. 87; *Fish* v. *Skeel,* 21 Barb. 333; *Donehan* v. *Wilson,* 15 id. 595; *Wilber* v. *Desson,* 53 id. 262.)

It was not necessary for plaintiff to show an absolute and indefeasible title. A simple lawful possession gives an insurable interest. (*Sutherland* v. *Pratt*, 11 Mees. & Wells. 296 ; *Barclay* v. *Cousin*, 2 East, 544 ; *Tuckeman* v. *H. Ins. Co.*, 9 R. I. 414 ; *Bonham* v. *Iowa Cent. Ins. Co.*, 25 Iowa, 328 ; *New York* v. *Brooklyn Ins. Co.*, 41 Barb. 231 ; *Ætna Ins. Co.* v. *Tyler*, 16 Wend. 385 ; *Columbian Ins. Co.* v. *Lawrence*, 2 Pet. 25 ; *Smith* v. *Bowditch Ins. Co.*, 6 Cush. 448 ; *Mulligan* v. *Equitable Ins. Co.*, 16 Upper Canada, Q. B. 314 ; *Ætna Ins. Co.* v. *Meers*, 5 Sneed [Tenn.], 139 ; *Leroy* v. *Wilmarth*, 9 Allen [Mass.], 382 ; *Marks* v. *Hamilton*, 7 Exch. 323 ; *Gaulstom* v. *Royal Ins. Co.*, 1 F. & F. 276.)

*Osborn E. Bright* for respondent. A person who has no legal or equitable right in property has no insurable interest, and cannot maintain an action on a policy covering such property. (2 Phillips on Insurance, 601 ; 3 Kent's Com. 371 ; *Freeman* v. *Fulton Fire Ins. Co.*, 38 Barb. 247 ; *Murdock* v. *Chenango Ins. Co.*, 2 N. Y. 110 ; *Rohrback* v. *Ger. Ins. Co.*, 62 id. 47.) This is not a case where the use of a fictitious name would constitute an estoppel. (*Palmer* v. *Stephens*, 1 Den. 480 ; *Brown* v. *Butchers & Drovers' Bk.*, 6 Hill. 443.) Possession, unaided by proof of transfer and delivery, and unexplained, does not establish an insurable interest. (*Rowley* v. *Brown*, 71 N. Y. 87.)

Earl, J. This is an action to recover upon a fire policy issued by defendant to the plaintiff, insuring certain real and personal property claimed to belong to her. A portion of the property insured was destroyed by fire, and the defendant resists payment of the loss upon the ground that the plaintiff did not, at the time of the insurance and at the time of the fire, have any interest in the property as owner thereof.

At the trial the defendant gave evidence tending to prove that the real and personal property was conveyed by Henry J. David, who then owned the same, in form to Marx David, who was a fictitious person, and then that in the name of Marx

David he conveyed the same property to the plaintiff. This evidence was, as to the mythical character of Marx David, disputed on the part of the plaintiff. The court charged the jury "that if they believed that Marx David was a myth or that there was no such real person, or that he never executed the deed or bill of sale, it was an end of plaintiff's case and they must find for the defendant." To this plaintiff's counsel excepted, and this exception presents the sole question for our consideration. In considering this question it must be assumed that the bills of sale of the personal property and the deed of the real estate were delivered to the plaintiff, and that she took and had possession of the property, claiming to be the owner thereof, as there was proof tending to show these facts. It must also be assumed — as nothing to the contrary appears — that Henry J. David executed the conveyances with the intention to vest the title of the property in the plaintiff. The holding of the trial judge was that the mere fact that Marx David was not a real person defeated the passage of any title to the property to the plaintiff. In this I cannot doubt there was error.

The conveyances to Marx David were undoubtedly wholly invalid and inoperative, as there was no such person to take title; and if nothing more had been done, the title to the property would have remained in Henry J. David. But the title still remaining in him, he executed the bills of sale and the deed to the plaintiff, using or adopting, for that purpose, the name of Marx David. The papers thus executed were undoubtedly valid against him. In executing any instruments, I can find no authorities which hold that one is not bound by the name he adopts or uses. *Pro hac vice* it is his name. In Com. Dig. Fait E. 3, it is said: "If a man be baptized by one name and known by another, a grant by the name by which he is known shall be good;" and "if Jane B. makes a lease by the name of Joan, it shall be good." In *George* v. *Surrey* (1 Moody & Malk. 516), it was held that an indorsement of a bill could be made by a simple mark. In *Baker* v. *Dening* (8 Ad. & El. 94), it was held that a will which was required by

law to be signed by the testator could be signed by his mark
simply.   In *Brown* v. *The Butchers & Drovers' Bank* (6
Hill, 443), it was held that where a party placed the figures
" 1, 2, 8," upon the back of a bill of exchange by way of substi-
tute for his name, intending thus to bind himself as indorser,
the indorsement was valid, although it appeared that the indorser
could write.   In *Grafton Bank* v. *Flanders* (4 N. H. 239), it
was said by RICHARDSON, Ch. J., that " if an individual assume
a name for the purpose of making a written contract, and put
that name to the contract with a view to bind himself, there
seems to be no reason why courts should not consider the name
thus assumed as his name *pro hac vice*, and hold him to fulfill
the contract.   And it must now be considered as settled, that
he is bound by such a contract."   In *Palmer* v. *Stephens* (1
Denio, 471), BEARDSLEY, J., said : " A person may execute an
instrument and bind himself as effectually by his initials as by
writing his name in full.   Figures or a mark may be used in
lieu of the proper name; and where either is substituted by a
party, intending thereby to bind himself, the signature is effect-
ive to all intents and purposes."   And DALY, Ch. J., in the
*Petition of John Snook* (2 Hilton, 566), after a learned and
exhaustive examination of the whole subject of names, said :
" There are numerous cases, both in this country and in Eng-
land, holding that where a man enters into a contract or does
any act in a particular name, he may be sued by the name
that he used, whatever his true name may be, and generally
that wherever a man has done an act in a particular name, or
where he makes a grant, it may always be shown in support
of the validity of the act, that he was known by that name
at or about the time when the act was done, though he may
have been baptized or previously known by a different name.
All that the law looks to is the identity of the individual, and
when that is clearly established the act will be binding upon
him and upon others."   Surely if a mere mark or figures or
initials will bind one who uses them in the execution of a con-
tract or conveyance with intent to be bound, he will, for the
same reasons, be bound if he uses certain letters of a fictitious

name with the same intent. Henry J. David assumed the name of Marx David, and executed the papers in that name, intending that they should be effectual to vest title in the plaintiff, and I know of no rule of law which requires that intent to fail.

Nearly all the property destroyed by the fire was personal; and as to that, no matter how Henry J. David executed the transfer, if he intended the title to pass, it could pass by mere delivery.

There was no proof that the name of Marx David was used for any fraudulent purpose; and if it was so used, the defendant would be concerned only with a purpose to defraud it.

The plaintiff, therefore, having shown title to the property good as against Henry J. David, and no other claimant to the property appearing, she showed title sufficient to sustain her action against the defendant.

For the error in the charge above specified the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.