ANGUS McDUFFIE, PLAINTIFF, *v.* ADELIA CLARK AND EMORY SWEETLAND, DEFENDANTS.

*Deed — when the question as to whether the grant was made to a father or his son should be left to the jury — when a disclaimer of title by a party in possession will not be admitted to contradict the real title.*

In an action of ejectment the plaintiff claimed title under a sale had under an execution issued upon a judgment recovered against one David Brown. The defendant claimed title by inheritance from her son David C. Brown. The premises in question were conveyed on October 28, 1873, by a deed duly executed, acknowledged and recorded, in which the name of the grantee was stated to be David C. Brown. David C. Brown was the name of an infant son of the judgment debtor whose true name was David Addison Brown, but who was sometimes called David Brown. The plaintiff claimed that the father was intended to be the grantee in the deed, and gave evidence tending to show that he negotiated the sale and that at the time of the execution and delivery of the deed, the father delivered to the grantor a bond for the purchase-money,

secured by a mortgage on the premises, which were, however, executed in the name of David C. Brown. It was also shown that the father went into possession of the premises and so remained up to the time of his death. The defendant's evidence tended to show that the true name of the father was David Addison Brown, and that in important business transactions his name was written David A. Brown.

*Held*, that it was for the jury to say which of the persons, the father or the son, was intended to be the grantee, and that it was error to direct a verdict in favor of the plaintiff.

Upon the trial the court refused to allow the defendant to prove that David Addison Brown, after the purchase and while in the possession of the premises, stated and declared that they belonged to his son.

*Held*, that the evidence was properly excluded.

Motion by the plaintiff for judgment upon a verdict, ordered in his favor at the Cattaraugus Circuit, in an action of ejectment.

*William Woodbury*, for the plaintiff.

*William G. Laidlaw*, for the defendants.

Barker, J.:

John Manley, the former owner of the premises, on the 28th day of October, 1873, by deed duly executed, acknowledged and delivered, conveyed all his title to the premises. In this conveyance the name of David C. Brown appears as grantee. At that time two persons, father and son, lived near the premises. The real name of the father was David A. Brown, and he was sometimes known by his friends and acquaintances as David Brown. The Christian name of the son was David C., and at the date of the deed he was only about two years of age and lived in his father's family. The only question in the case arises over the dispute whether the father or the son was intended as the grantee. The plaintiff claims that the father was the grantee in fact, and that the grantor intended to convey the land to him, and the name of David C. Brown was inserted instead of his true christian name by mistake or inadvertence. If he has a title it is derived from David A. Brown, as he purchased the premises on a sale under execution issued on a judgment rendered against him by the name of David Brown.

The defendant Adelia Clark, who is the mother of David C. Brown, the son, claims that he was the grantee named in the deed, and sets up a title derived from him by descent, he having died

intestate, and she being his sole heir-at-law. The father died before the death of his son. On the face of the deed David A. Brown does not appear to be the grantee. On the contrary, the name of another person is inserted as the grantee, and the record indicates that David C. Brown was intended as the person to whom the title was to be conveyed. If the plaintiff relies on the record alone as evidence of his title, then he failed to make out a case and should have been nonsuited. The presumption arising from the record that the person whose name is inserted in the deed as the grantee was intended as the person to whom the premises were to be conveyed, may be met and overcome by, parol proof that the grantor intended to convey the lands to the person known by the name of David A. Brown, or sometimes as David Brown, under whom the plaintiff claims to have derived a title. It was perfectly competent for the plaintiff to show that the person under whom he claimed title was well known by the name of David Brown, and that the addition of the letter " C." between the christian and the surname was inserted by mistake, and if such was the fact it did not affect the grant. The law knows but one christian name, and the omission of a middle name, or the insertion of one which does not belong to the name of the grantee, does not affect the execution of a deed. A conveyance would be effective and valid if it omitted the real name of the grantee, and otherwise described him so that his identity could be ascertained, as a grant to the wife of B. as the person intended to be designated is good if she lives with him, and is generally reputed to be his wife, although never lawfully married to him. So a name by which a man is habitually called is sufficient though different from that of his baptism. The general rule is that a grant to be valid must be to some person certain named who can take by force of the grant and who can hold in his own right. (3 Wash., 238, 239; *Franklin* v. *Talmadge*, 5 Johns., 84; *David* v. *Williamsburgh City Ins. Co.*, 83 N. Y., 265.)

On the trial the plaintiff gave some evidence tending to sustain his position, that David Brown, the person against whom he recovered a judgment by that name, and under whom he now claims title to the premises, was the grantee in fact named in the deed. The wife of the grantor, who joined in the deed, testified that she was acquainted with David Brown and recollected the circumstance

of executing the deed on her part; and she further testified as follows: "That it was made to David Brown; that he negotiated for it; that she did not know any other David Brown; she did not know any David C. Brown at that time." It was admitted by the defendant that David Brown, the father, at the time of the execution and delivery of the deed, executed and delivered to the grantor a bond for the purchase-money, secured by the mortgage on the premises as collateral thereto; but it appears that instrument was also executed in the name of David .C Brown, and he acknowledged the same before an officer by that name. It was also proved that he went into the immediate possession of the premises, and so remained up to the time of his death, which occurred June 5, 1875. The oral evidence on the part of the defendant related to the true name of her husband, and it tended to show that his real name, by which he was usually known, was David Addison Brown; that in his marriage certificate his name was so inserted; that in a policy of insurance on his life it was written David A. Brown, and on his tombstone the inscription was the same; that he was sometimes known by the name of David Brown, but never as David C. Brown; that in other important business transactions his name was written David A. Brown. This is substantially all the oral evidence produced on the trial as to who was intended as the grantee.

I am of the opinion that, upon the whole case, it was for the jury to say which of these persons, the father or the son, was intended as the grantee. None of the several facts and circumstances upon which the plaintiff relies, or all of them taken together, are conclusive that the son, David C. Brown, was not the grantee. Mrs. Manley's evidence on the question, standing alone, would be far from conclusive in the face of the record and the other circumstances. The item of evidence having the greatest significance, as indicating that David C. Brown, the son, was not intended as the grantee, was the bond and mortgage executed by his father to the grantor, as security for the unpaid purchase-money. As it was part of the *res gestæ*, it was, doubtless, competent proof in favor of the plaintiff's contention, but it was not in law conclusive on the question in dispute. David Brown would be liable on the bond, although he did not execute the same in his true name. (*David* v. *Williamsburgh City Ins. Co.*, 83 N. Y., 265.)

The grantor and David Brown being both dead, neither party is able to give direct evidence of his intention, or how it occurred that the name of David C. Brown came to be inserted in the deed as grantee. Thus a degree of obscurity and doubt is thrown about the transaction. It may seem unlikely to many minds, under all the circumstances of the case, as disclosed on the trial, that it was the intention of the parties to vest the title in the infant child, known by the name of David C. Brown; yet he was capable, in law, of taking the title to land, and it is not an unknown nor an uncommon occurrence for parents to convey, or cause to be conveyed to their infant children, the title to real estate. The defendant has the legal presumption in her favor, that her son was intended as the grantee; and whether it has been overcome by the parol proof, we think should have been left for the jury to determine. (*Padgett* v. *Lawrence*, 10 Paige, 170.)

The defendants offered to prove that David Brown, after the purchase and while in the possession of the premises, stated and declared that they belonged to his son. The same was ruled incompetent and the defendant excepted. There was no error in the ruling. This was a mere disclaimer of title, and the owner of property cannot dispossess himself of a title to real estate by a mere oral declaration. It does not fall within the principle of the rule, that the admissions of one having or claiming to have title to real estate is competent, as against him and all persons claiming under or through him, as the same is stated in *Chadwick* v. *Fonner* (69 N. Y., 404). The declarations of a party in possession are admissible in evidence against the party making them, or his privies in blood or estate, not to attack or destroy the title, for that is of record, and of a higher and stronger nature, and cannot be attacked by parol evidence. Such admissions are received in evidence simply to explain the character of the possession in a given case. (*Gibney* v. *Marchay*, 34 N. Y., 301; *Hutchins* v. *Hutchins*, 98 id., 64; *Jackson* v. *Miller*, 6 Cow., 753; *Vrooman* v. *King*, 36 N. Y., 482.) The question before us is not as to the nature and character of David Brown's possession, or the title under which he claimed, but the controversy is who was the real person named in the deed as grantee.

The plaintiff's motion for a judgment upon the verdict is denied and a new trial granted, with costs to abide the event.

Present — SMITH, P. J., HAIGHT and BRADLEY, JJ.

Plaintiff's motion for judgment denied and new trial granted, with costs to abide the event.