Hatfield *et al. v.* Miller *et al.*

No. 13,996.

## HATFIELD ET AL. *v.* MILLER ET AL.

REAL ESTATE.—*Conflicting Interests in.*—*Compromise.*—*Conveyance to Trustee.* —*Mortgage.*—*Foreclosure.*—*Complaint.*—*Sufficiency of.*—*Statute of Frauds.*— Hatfield and Miller asserted conflicting rights to land in the possession of third persons, who also asserted an interest therein. For the purpose of compromising the controversy without litigation between themselve, Hatfield agreed to pay Miller a certain sum for his claim. It was agreed that Hatfield should make a conveyance to a trustee, who should institute a suit in ejectment against the persons in possession, and to quiet the title to the land as against them. By this means Hatfield, or his agent or trustee, was to obtain possession, after which Miller agreed to make a conveyance to the trustee for Hatfield's benefit, the latter agreeing that the trustee should execute to Miller notes and a mortgage to secure them. After the title had been quieted in Hatfield, and he had secured possession of the land, and after the notes and mortgage had been executed, Hatfield and his trustee refused to accept a deed from the plaintiff, and refused to pay the notes or discharge the mortgaged debt. Miller brought an action to foreclose the mortgage and to recover a personal judgment against the defendant.

*Held*, that the transaction is not within the statute of frauds, and that the plaintiff may recover on the notes, as Hatfield must be regarded as having taken possession under the contract, which has been, by such possession and execution of the notes and mortgage, so far executed as to be withdrawn from the operation of the statute of frauds.

*Held*, also, that the complaint, stating the facts substantially as above, is sufficient, when assailed the first time by assignment of error, and not subject to the objection that it does not show that the plaintiff had any interest in the land.

From the Howard Circuit Court.

*M. Bell, J. C. Blacklidge, W. E. Blacklidge, B. C. Moon* and *W. C. Purdum,* for appellants.

*C. E. Hendry* and *C. N. Pollard,* for appellees.

MITCHELL, C. J.—It appears from the complaint that Solomon B. Miller and Joseph Hatfield were each asserting conflicting rights in or title to a certain tract of land in Howard county, the land being at the time in the possession of third persons, who also asserted an interest therein. For the

purpose of compromising their claims, and avoiding litigation, it is alleged that the plaintiff and defendant mutually agreed with each other that each would make a conveyance of the land to a third person as trustee, for the benefit of the defendant, Hatfield, the latter agreeing to pay the plaintiff a certain sum of money as a consideration for the conveyance so to be made by him, as soon as the trustee should procure the title to be quieted in the defendant by proceedings to be instituted in court for that purpose. It is averred that the defendant executed a deed and conveyed the land to the trustee, and that the latter procured the title to be quieted, and afterwards reconveyed it to the defendant, Hatfield, who went into possession, this last conveyance being subject to a mortgage executed by the trustee, while he held the title, to the plaintiff, to secure the payment of two hundred dollars, which, it is alleged, was part of the price agreed to be paid by the defendant, Hatfield, as a consideration for the conveyance by the plaintiff to the trustee. It is averred that the plaintiff tendered a deed for the land to the trustee in compliance with his contract, and that he performed all the other conditions of his agreement, to be performed by him, but that the latter refused to accept the deed, which the plaintiff avers he brings into court for the benefit of the defendant.

The plaintiff seeks to foreclose the mortgage executed by the trustee to him, and to recover a personal judgment against the defendant, Hatfield, for the amount of the notes and five hundred dollars besides, which he alleges the defendant agreed to pay for his interest in the land.

It is said that the complaint did not state facts sufficient to constitute a cause of action because it fails to show that the plaintiff had any valid claim to the land which he agreed to convey. The complaint was not challenged by demurrer in the court below, its sufficiency is questioned for the first time in this court. Without expressing any opinion as to whether or not the facts stated would have been

sufficient as against a demurrer, we are quite sure that after judgment the complaint can not be successfully assailed for want of sufficient facts. The notes executed by the trustee, payable to the plaintiff, which, it is averred, the defendant agreed to pay, are set out with the complaint, as is also the mortgage on the land, given to secure the notes. These import a consideration on their face, and so far as the complaint is based upon the notes and mortgage, it was unquestionably sufficient, even as against a demurrer.

It is said in the second place that the contract was void because it seeks to enforce a parol contract for the sale of a supposed interest in land.

It should be kept in mind that the notes and mortgage, in part at least, are the foundation of and give character to the action. While the facts showing the transaction out of which these instruments arose are detailed, the essential features of the complaint characterize the action as one to foreclose a mortgage and to recover a personal judgment against the defendant. Take the transaction as it appears both in the complaint and in the special answers, the ruling on which is questioned here, and it appears to be this: The parties were in a dispute as to which had the better title to a tract of land which was in the possession of third parties. For the purpose of compromising the controversy without litigation between themselves, the defendant agreed to pay the plaintiff a certain sum for his claim. It was agreed that the defendant should make a conveyance to a trustee, and that the latter should institute a suit in ejectment against the person in possession, and to quiet the title to the land as against them. By this means Hatfield, or his agent or trustee, was to obtain possession, after which the plaintiff agreed to make a conveyance to the trustee for Hatfield's benefit, the latter agreeing that the trustee should execute the notes and mortgage sued on which he promised to pay. After the title had been quieted in Hatfield, and he had secured possession

of the land, and after the notes and mortgage had been executed, Hatfield and his trustee refused to accept a deed from the plaintiff, and refused to pay the notes or discharge the mortgage debt, and repudiated the whole transaction, on the ground that it was within the statute of frauds.

This can not be done. The defendant must be regarded as having taken possession under the contract, which has been, by such possession and the execution of the notes and mortgage, so far executed as to be withdrawn from the operation of the statute. The notes and mortgage having been executed in consideration of an agreement on the part of the plaintiff to convey the land to the defendant's agent or trustee, the defendant having secured possession under that agreement, and the plaintiff having tendered his deed in conformity therewith, the defendant can not now hold possession of the land and refuse to pay the notes and mortgage.

The answer to which the court sustained a demurrer is nothing more than a special denial, pleaded after a general denial. The facts averred in the complaint are not confessed and avoided, and it ought to be understood that sustaining a demurrer to such a plea does not constitute error.

The court found the facts specially, substantially as already summarized, with the additional fact that at the time the agreement was made between the parties the plaintiff was the owner of two-thirds of the land in dispute subject to an encumbrance for taxes, or tax title held by the defendant, Hatfield. The court also found that the only amount that the defendant ever agreed to pay for the plaintiff's interest in the land was the two hundred dollars represented by the notes and mortgage in suit.

It is familiar law that one who has taken the note of a purchaser of real estate can not maintain an action upon the note without conveying or offering to convey the land according to his contract. *Cunningham* v. *Gwinn,* 4 Blackf. 341 ; *Shirley* v. *Shirley,* 7 Blackf. 452 ; *Ellis* v. *Hubbard,* 4 Ind. 206 ; *Cook* v. *Bean,* 17 Ind. 504. It is distinctly

averred in the complaint, and found by the court, that a deed was tendered before the commencement of the action.

The conclusions of law were to the effect that the plaintiff was entitled to a decree for the amount of the notes, interest and attorney's fees.

The evidence tends to support the finding, and the conclusions of law flow legitimately from the facts found. There appears to be no reason why the plaintiff should not be paid for his land.

The judgment is affirmed, with costs.

Filed Mar. 15, 1890; petition for a rehearing overruled April 29, 1890.