ERSKINE MOTORS COMPANY v. CHEVROLET MOTOR COMPANY.

(Filed 24 December, 1920.)

1. **Removal of Causes—Federal Statutes—Partnership—Corporations— Parties—Nonresidents—Diversity of Citizenship—Torts—Contracts— Breach.**

   Where one of the plaintiffs to a suit is a nonresident, as also the defendants, it may not be removed to the Federal Court by the defendants on the ground of diversity of citizenship; and this applies when the action is for damages for breach of contract, brought by several members of a partnership, who form an incorporated company after the occurrence of the breach of contract sued on.

2. **Same—Courts—Jurisdiction.**

   Upon a motion to remove a cause from the State to the Federal Court, on the ground of diversity of citizenship, where it appears that the defendants were nonresidents, and the plaintiffs were a partnership, with one of its members a nonresident, and the action is for breach of contract, the mere fact that one of the plaintiffs signed the contract as "president" does not preclude the State court from inquiring into the fact of incorporation, and retaining the cause for a determination of this question.

3. **Removal of Causes—Federal Statutes—Partnership—Corporations— Diversity of Citizenship—Courts—Jurisdiction.**

   A partnership, by holding itself out as a corporation, does not thereby convert itself into one, and on petition to remove the cause to the Federal Court, for diversity of citizenship, wherein this question arises, the question of the plaintiff's fraud in making a misjoinder of parties to retain the jurisdiction of the State court, is one for the determination of the State court, and the cause is not at once removable to the Federal Court as a matter of the defendant's right under the Federal law.

APPEAL by defendant from *Long, J.,* at August Term, 1920, of BUN-COMBE.

One of the plaintiffs, Erskine Motors Company, is a partnership composed of J. V. Erskine and M. A. Erskine, who are residents of North Carolina, and J. M. Erskine, a resident of Tennessee, and one of the defendants is a resident New Jersey, and the other is a resident of Georgia.

On 1 December, 1919, the copartnership entered into a written contract with the defendant to recover damages for the alleged breach of which this action is brought. On 9 February, 1920, after the breach of said contract by the defendants, the members of said copartnership formed a corporation under the same name and thereafter did business as a corporation. The copartnership did not assign or transfer to the corporation any rights, or claims for damages, against defendants under said contract or on account of the breach thereof.

This motion, by the defendants to remove the action to the Federal Court was denied and the defendants appealed.

*Mark W. Brown for plaintiff.*
*Merrimon, Adams & Johnston for defendants.*

. CLARK, C. J. This action could not have been originally brought in the U. S. District Court under secs. 28 and 51 of the Judicial Code because one of the plaintiffs is a nonresident of North Carolina and both defendants are nonresidents of this State.

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority *of which the District Courts of the United States are given original jurisdiction by this title,* which may be now pending or which may hereafter be brought in any State Court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district." 5 Fed. Stat. Anno. 16.

It is provided in 5 Fed. Stat. 52 and 486 that "Where the jurisdiction is founded only on the fact that the action is between citizens of different States, the suit shall be brought only in the district of the residence of either the plaintiff or the defendant." 23 R. C. L., 624, sec. 21.

Citizensip can not be predicated of a partnership, and Federal jurisdiction of a suit by or against a partnership, so far as it depends on diverse citizenship, is determined by the citizenship of the individual members. 5 Fed. Stat. Anno. 97; 23 R. C. L., 651; sec. 50. *McLaughlin v. Hollowell,* 228 U. S. 278; *Fletcher v. Hamlet,* 116 U. S., 408; *Grace v. Ins. Co.,* 109 U. S., 278.

It is not denied that the individual members of the Erskine Motors Company were doing business as a copartnership until after the contracts were made and breached, and that no corporation was in existence until after such breach. In *Fore v. Tanning Co.,* 175 N. C., 584, and in *Patterson v. Lumber Co., ib.,* 90, it is held that "where a plaintiff has sued a

resident and a nonresident defendant for a joint wrong, the cause of action as a legal proposition must be taken and construed as the complaint presents it and, in such cases, on motion to remove to the Federal Court, by reason of the alleged fraudulent joinder with a resident defendant the right of removal does not arise on the general allegations of bad faith or fraud on the part of the plaintiff, however positive, but the relevant facts and circumstances must be stated with such fullness and detail and be of such kind as to clearly demonstrate or compel the conclusion that a fraudulent joinder has been made."

Again it has been said in *R. R. v. Lloyd,* 239 U. S., 500; 23 R. C. L., 758, "In no case can the right of removal be established by a petition to remove which amounts simply to a traverse to the facts alleged in the plaintiff's petition, and in that way undertaking to try the merits of a cause of action, good upon its face. *R. R. v. Cockrell,* 232 U. S., 146. It is only in cases wherein the facts alleged in the petition for removal are sufficient to fairly raise the issues of fraud that the State Court is required to surrender its jurisdiction."

Where the basis of the charge is that no cause of action was stated against one joined as a resident, this does not justify a charge that it was done with fraudulent intent, for whether there was a cause of action stated against them is a question of State law. Where a declaration was amended after a petition to remove has been denied the amendment was unnecessary, and merely made the original cause of action more precise. On the question of removal the court cannot consider anything beyond the inquiry whether there was a *bona fide* intention to obtain a joint judgment and whether there was colorable ground for such judgment as the record stood when the removal was denied. It is not a question whether a flaw in the declaration could be found on a special demurrer, *R. R. v. Schwyhart,* 227 U. S., 193.

It is not claimed by the defendants that the plaintiffs were incorporated before the contracts were made and breached, but they rely upon the ground that because one of the members of the copartnership signed his name as "President" to the original contract that he and his associates are estopped to deny incorporation. A corporation cannot be made either by a declaration, or by the exercise of corporate acts, and there is no bona fide claim in this case that either was done. 7 R. C. L., 104, sec. 81; R. C. L., 352, sec. 332.

One contracting or dealing with a company as a corporation is estopped from denying its corporate existence, but its corporate existence is not proven by the fact of dealing with it designated by a corporate name, for that admits only that the association is acting under such name. 7 R. C. L., 107, sec. 82. Neither a person or an organization can escape *liability* when it has contracted as a corporation, but that is not the point here where the plaintiffs are seeking to perform their contracts

and the defendants are denying liability. It is not the case of the estoppel of either party, but a question as to the *right of removal* dependent upon the fact whether at the time the contract was made and broken the plaintiffs were incorporated or a copartnership. It is a question of residence or nonresidence.

A copartnership does not make itself a corporation by holding itself out as such when it is not, and it does not thereby confer jurisdiction upon the Federal Court if in fact it was not a corporation and, as in this case has not assigned its property and claims to be a corporation that was formed after the contract sued on was broken. *Anderson v. Watts,* 138 U. S., 694. The refusal of the motion to remove is

Affirmed.