## INVALIDITY OF NOTE AND MORTGAGE MADE TO A FICTITIOUS PERSON.

Common Pleas Court of Richland County.

E. D. HOUSTON v. H. S. HETTINGER, JOHN BERRY, AND JACOB WORST.

Decided, June, 1921.

*Negotiable Instruments—Notes and Mortgage Made to Fictitious Persons for the Purpose of Avoiding Taxation—Not Enforcible, When —Such Instruments Not in Effect Payable to Bearer—Section 8114.*

1. A promissory note made payable to the order of a fictitious and non-existing person, when such fact was unknown at the time to the maker of the note, is void.
2. A mortgage given to secure the payment of promissory notes made payable to the order of a fictitious or non-existing person, which fact was unknown at the time to the maker of the notes and mortgage, is void; and in a proceeding to foreclose such a mortgage the court will enter a decree cancelling both the notes and the mortgage.

*H. L. McCray,* of Ashland, and *W. H. Gifford,* of Mansfield, for plaintiff.

*C. H. Workman,* of Mansfield, and *George Frye,* of Ashland, and *Geo. A. McGrath,* of Mansfield, for defendants.

C. H. WOOD, J.

The plaintiff brings this action to foreclose a $5,000 mortgage on the premises of the defendant, Jacob Worst. The evidence discloses the following state of facts:

That the plaintiff E. D. Houston procured the defendants H. S. Hettinger, who was at the time owner of the premises, to execute the notes and mortgage in dispute of one John Berry, a fictitious or non-existing person, for the fraudulent purpose of evading the listing of the notes for taxation.

On April 11, 1919, the plaintiff transferred and assigned the notes and mortgage to himself by using and signing the name of said John Berry, and now claims to be the owner and holder of the same.

It is conceded that neither H. S. Hettinger or Jacob Worst had any knowledge that Jacob Berry was a fictitious or non-existing person, or that said notes and mortgage were made for a fraudulent purpose in the name of John Berry.

That subsequent to the execution of the notes and mortgages, the defendant Hettinger sold and transferred the premises to the defendant Jacob Worst who is now the owner of the same. That the defendant Worst, by said deed assumed a $5,000 mort-gage held by John Berry.

What are the rights of the parties under the above state of facts?

What was the legal effect of the mortgage given by Hettinger to John Berry?

It is a fundamental principle under the law of contracts, that in order to make a valid and binding contract it is necessary that there be parties capable of contracting and that their minds come together on the terms of the contract. A mortgage and note can be construed as nothing more than a contract between the parties whereby the grantee for a consideration agrees to pay to the grantor a certain sum of money.

"It is necessary to the validity of a deed that the grantee should be capable of taking title, a grantee being as necessary to the conveyance of land as a grantor, it follows that a grant to a fictitious person is void, and a patent for land to a fictitious person not in existence carries no title and invests no interest in any-one." *U. S. v. Sou. Col. Coal & Town Co.*, 18 Fed., 275.

What is true of a deed in this respect is likewise true of a mortgage; a mortgage is a deed.

"A mortgage to a man after his death is void for want of a grantee in *esse*. *Noble County National Bank* v. *Donda et al*, 7 Ohio Dec. Reprint, 532.

"It is essential to the validity of a mortgage that there should be proper parties as mortgagor and mortgagee. They may be natural or artificial person, but both must be in existence and capable of contracting." Cyc. Vol. 27, page 1041.

There is an exception to this rule, that where the fictitious name was used by the parties with full knowledge on their part and with out fraud intervening therein the same will be binding on the parties; but the state of facts at bar comes short of this rule, as the grantor, Hettinger had no knowledge that John Berry was a fictitious person, or that the name of said fictitious person was inserted for a fraudulent purpose.

It is claimed that the notes and mortgage are in effect payable to bearer, under paragraphs 3 and 4 of Section 8114 of the nego- tiable instrument act.

Paragraph 3: "Where it is payable to the order of a fictitious or non-existing person and such fact was known to the person making it so payable."

In answer to this, Hettinger had no knowledge that the notes and mortgage were made payable to a fictitious person at the time the same were executed.

Paragraph 4: "Where the name of the payee does not pur- port to be the name of any person."

Plaintiff must again fail, when we refer to the notes and mort- gage. We find the name of John Berry purporting to be a real person.

The court held in the case of *Armstrong* v. *Bank*, 46 O. S., 612,

"The rule that a negotiable instrument made payable to a fictitious person or order, is in effect, an instrument payable to bearer, applies only where it is made with the knowledge of the party making it and does not apply where the maker, supposing the payee to be a real person, and intending payment to be made to such person or order, is induced by the fraud of another to so draw it."

The mortgage in question being security for the notes only, must not only fail by reason of its own defects, but the defects of the notes as well.

We do not think the mortgage from Hettinger to John Berry a fictitious person, conveyed any title, as Hettinger had no knowl-

edge of the fiction, and the further reason, the transaction on the part of the plaintiff Houston partakes of fraud and no title thereby passed.

The title to the premises remained in Hettinger and when he conveyed them to Worst by warranty deed, he conveyed his entire interest therein; and while Worst assumed a certain mortgage thereon he would only be liable to the extent of the validity of the mortgage, and no more.

The case of *David* v. *City Fire Insurance Company,* 83 N. Y. 268, cited by plaintiff, is instructive on this question, and the holding of the court therein clearly defeats the plaintiffs right of recovery when applied to the facts in this case.

A finding in favor of defendant Worst may be entered in this case, dismissing the petition of plaintiff and a cancellation of the mortgage; leaving the parties to work out their rights in an action at law.