## WHICKER ET AL. v. WALLACE.

[No. 11,633. Filed October 5, 1923. Rehearing denied December 18, 1923. Transfer denied February 1, 1924.]

1. FRAUDS, STATUTE OF.—*Sale of Land.*—*Verbal Contract.*—Where a verbal contract for the sale of an interest in land is so far performed that the purchaser acquires title and possession of the property purchased, the vendor may recover the price agreed on notwithstanding the statute of frauds. p. 85.

2. FRAUDS, STATUTE OF.—*Sale of Standing Timber.*—*Recovery of Price.*—Where timber has been sold on a verbal contract, but the buyer has cut and taken possession of the timber, the price may be recovered notwithstanding the statute of frauds. p. 85.

From Hamilton Circuit Court; *Ernest E. Cloe*, Judge.

Action by Lee O. Wallace against Bert Whicker and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Andrew Foley* and *Christian & Waltz*, for appellants.
*Rolland Griffin* and *Thomas E. Kane*, for appellee.

REMY, J.—Action by appellee against appellants to recover the purchase price of growing timber sold by appellee to appellants. The facts averred in the complaint, in substance, are: Appellee being the owner of certain timber entered into a contract with appellants by the terms of which they bought the timber at the price of $47.50 per one thousand feet, appellants to cut and remove the same; that, in accordance with the contract, appellants did cut and take possession of the timber, the total amount of which was seventeen thousand one hundred seventy-four feet, but have failed and refused to pay the price agreed upon, or any part thereof. Prayer for judgment for the contract price with interest.

Demurrer to complaint for want of sufficient facts was overruled. Trial resulted in a judgment for $877.76, being the full amount demanded. Action of

trial court in overruling the demurrer to the complaint is assigned as error.

It is suggested by appellants that the complaint is based upon an oral contract for the sale of growing timber—an interest in real estate; that such contract is invalid, being within the statute of frauds; and that therefore no cause of action is stated. If this were an action to enforce a verbal executory contract for the sale of growing timber, there would be merit in the suggestion. It is not, however, such a proceeding. It is an action to recover the price of the timber fixed by the contract of the parties, and was commenced after the contract, except as to the payment of the purchase price, had been fully executed. It is a well-settled rule that where a contract of sale within the statute of frauds is so far performed that the purchaser acquires title and possession of the property purchased, the vendor may recover the price agreed upon. *Arnold* v. *Stephenson* (1881), 79 Ind. 126; *Tinkler* v. *Swaynie* (1880), 71 Ind. 562; *McCoy* v. *McCoy* (1903), 32 Ind. App. 38, 42, 69 N. E. 193, 102 Am. St. 223; *Huntington* v. *Burdeau* (1912), 149 Wis. 263, 135 N. W. 845.

It was not error to overrule demurrer to the complaint.

Affirmed.