## BRINK v. WARNER.

[No. 11,919.   Filed November 7, 1924.]

FRAUDS, STATUTE OF.—*Title to timber cut under a parol contract vests in vendee, although contract was not enforceable under statute of frauds.*—Parol agreement for the sale of growing trees, though unenforceable under the statute of frauds, is valid as a license to enter upon land and cut the timber, and if, under such agreement, the trees are severed from the land before the revocation of the license, the contract of sale then attaches to the timber as chattels, and the title of the timber so cut vests in the vendee.

From LaPorte Circuit Court; *John C. Richter*, Judge.

Action by Preston E. Warner against Edward L. Brink. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Lemuel Darrow, Earl Rowley* and *C. V. Shields,* for appellant.

*H. W. Worden,* for appellee.

REMY, J.—Action by appellee against appellant for conversion. Material averments of the complaint are, in substance, that appellant sold to appellee certain growing timber at and for an agreed price; that pursuant to the agreement which was in parol, appellee at his own expense cut the timber from the land and into logs, hauled the logs to a public highway, and was ready and willing to pay therefor in accordance with the terms of the contract; but appellant, notwithstanding his previous sale to appellee, and without appellee's consent, wrongfully sold and delivered the logs to a third party, to appellee's damage in the sum of $148, for which sum judgment is prayed.

It appears from the record that on the trial of the cause, which resulted in a verdict and judgment for appellee, there was evidence introduced which tended to prove all the material averments of the complaint.

That the parol contract for the sale of the growing timber was within the statute of frauds and unenforceable is not controverted. Though presented in various ways, the one question involved in this appeal is whether, by the severance of the timber as averred in the complaint and proved on the trial, the oral contract became effective so as to pass the title of the timber to appellee. If so the judgment must be affirmed, otherwise reversed.

The question is not new. The law is well established that a parol agreement for the sale of growing trees, though unenforceable under the statute of frauds, is valid as a license to enter upon the land and cut the timber; and if under such agreement the trees are severed from the land before the license is revoked, the

contract of sale then attaches to the timber as chattels, and the title to the timber so cut vests in the vendee. *Owens* v. *Lewis* (1874), 46 Ind. 488, 15 Am. Rep. 295; *Cool* v. *Peters Box, etc., Co.* (1882), 87 Ind. 531; *Spalding* v. *Archibald* (1883), 52 Mich. 365, 17 N. W. 940, 50 Am. Rep. 253; *Bruley* v. *Garvin* (1900), 105 Wis. 625, 81 N. W. 1038, 48 L. R. A. 839. See, also, *Whicker* v. *Wallace* (1923), 81 Ind. App. 84, 140 N. E. 919.

It follows that since appellee, pursuant to the contract which had not been revoked by appellant, had entered upon the land, severed the trees and cut them into saw logs, the logs became the property of appellee, and the sale thereof by appellant was a wrongful conversion.

Affirmed.