HARWOOD *v.* MASQUELETTE ET AL.

[No. 14,376.  Filed June 2, 1932.  Rehearing denied July 27, 1932. Transfer denied December 16, 1932.]

*Gus S. Condo* and *Robert A. Batton,* for appellant.
*Wilson D. Lett* and *Julian T. Lett,* for appellees.

KIME, P. J.—This was an action by appellant against appellees to quiet the title to certain real estate located in Grant County, Indiana.

The original complaint was in two paragraphs, but later an additional third paragraph of complaint was filed. The first and second paragraphs of complaint were afterwards withdrawn and the defendants, Harry Masquelette and Ella Masquelette, filed their separate and several demurrer to the additional third paragraph for want of facts, with memorandum. The court sustained said demurrer. Upon plaintiff's refusal to plead further the court rendered judgment on the ruling on the demurrer to the additional third paragraph of complaint. The judgment was that plaintiff take nothing and that he pay the costs of the action.

Appellant is now prosecuting this appeal, based on the adverse ruling above stated, and assigns as error that "The court erred in sustaining appellees' separate and several demurrer to the additional third paragraph of appellant's complaint." This is the sole alleged error relied upon for the reversal of this cause.

The facts as alleged in appellant's complaint are, in substance, as follows: That on and for a number of years prior to the 27th day of October, 1922, plaintiff and defendant were engaged in business in the city of Marion, Indiana, as partners, said defendant owning an undivided one-third interest in said partnership and its property, and plaintiff owning an undivided two-thirds interest therein; that during the time said plaintiff and

defendant were engaged in business as partners, the said partnership became the owner, by various conveyances in fee simple, of certain described real estate; that on said 27th day of October, 1922, said plaintiff and defendant, together with their respective wives, entered into an agreement to incorporate the said business and to convey all of the property, of which the said partnership was then the owner, unto the said newly formed corporation, in full payment for all of its common capital stock as fully paid and nonassessable, which should be issued to them and their respective wives in the following propositions, to-wit: Two hundred forty-five (245) shares to the defendant Harry A. Masquelette and five (5) shares to his wife, Ella B. Masquelette; four hundred ninety-five (495) shares to the plaintiff, G. Carlton Harwood, and five (5) shares to his wife, Pearl Harwood; that pursuant to said agreement, which was wholly verbal, the said parties did, on the 27th day of October, 1922, join in the execution of articles of incorporation for a corporation to be known as Harwood Automotive Company (the articles of incorporation being set out) ; that on the 1st day of November, 1922, said articles of incorporation were presented to the Secretary of State of the State of Indiana, and approved and filed by him according to law, and that on the 13th day of December, 1922, a copy of said articles of incorporation was duly filed in the office of the recorder of Grant County, Indiana; that on the 28th day of October, 1922, pursuant to the verbal agreement theretofore made between the said parties, as hereinbefore alleged, said plaintiff and defendant executed a bill of sale of all of the partnership property unto the said Harwood Automotive Company (the bill of sale being set out) ; that thereafter, and after the said corporation, Harwood Automotive Company had been the owner and in possession of said real estate for several years; the

plaintiff purchased all of said real estate from the said Harwood Automotive Company for a valuable consideration and received a proper conveyance, or conveyances, therefor, and is now the owner of all of said real estate in fee simple, and has been in full possession thereof ever since his said purchase of same from said corporation; that since said purchase plaintiff has been at all times in full possession of all of said real estate and has paid all of the taxes and other assessments levied against the same, all of which was known to the defendants and all of which was done since the formation of said corporation without any objection or protest thereto on the part of either of the defendants; that the defendants are now claiming or asserting some interest in said real estate, the exact nature of which is unknown to plaintiff, but which interest, plaintiff avers, is without right and unfounded and casts a cloud upon plaintiff's title.

Appellees, in the memorandum to their demurrer, allege that it affirmatively appears from the allegations in the complaint that the article of incorporation were not filed with, and approved by, the Secretary of State until several days subsequent to the execution of the aforesaid bill of sale, and, therefore, there was no grantee in existence at the time of the execution of said instrument, and the bill of sale is a nullity. This contention is in accord with the almost universally accepted rule that a deed to an immediate estate in land, made to a person not in being or a corporation not yet organized or having a valid existence, is a nullity and passes no title to anyone. *Harriman* v. *Southam* (1861), 16 Ind. 190; *Douthitt* v. *Stinson* (1876), 63 Mo. 268; *Phelan* v. *San Francisco* (1856), 6 Cal. 531; *Russell* v. *Topping* (1850), 5 McLean 194, Fed. Cas. No. 12,163; *David* v. *Williamsburg City Fire Ins. Co.* (1880), 83 N. Y. 265, 38 Am. Rep.

418; *United States* v. *Southern Colorado Coal Co.* (C. C.) (1883), 18 Fed. 273; *Thomas* v. *Marshfield* (1830), 10 Pick. (Mass.) 364; *Duffield* v. *Duffield* (1915), 268 Ill. 29, 108 N. E. 673, Ann. Cas. 1916D, 859, but these decisions refer to the transfer of the legal title, and it our opinion that they do not affect the equitable rights of the parties growing out of the transaction. *White Oak Grove Benevolent Society* v. *Murray* (1926), 145 Mo. 622, 47 S. W. 501.

We are unable to overlook the averment in the complaint to the effect that "after the filing and approval of said articles of incorporation in the office of the Secretary of State of the State of Indiana, such proceedings were had by the said incorporators of said corporation that officers were duly elected therefor, and certificates representing the common capital stock of said corporation were duly issued to the various incorporators in accordance with the terms and conditions of said articles of incorporation," such averment showing that the parties to the agreement carried out their expressed intentions. In view of this, appellees are estopped by their contract to dispute the existence of the corporation at the time of the execution of said contract. *Snyder* v. *Studebaker* (1862), 19 Ind. 462; *Baker* v. *Neff* (1880), 73 Ind. 68; *Smelser* v. *The Wayne & Union Straight Line Turnpike Co.* (1882), 82 Ind. 417; *Erskine Motors Co.* v. *Chevrolet Motor Co.* (1920), 180 N. C. 619, 105 S. E. 420; *Reynolds* v. *St. John's Grand Lodge A. F. & A. M.* (1930), 171 La. 395, 131 So. 186; *White Oak Grove Benevolent Society* v. *Murray, supra.*

It is also urged by appellee that the agreement set forth in appellant's third paragraph of complaint is unenforceable in so far as the real estate is concerned, it being alleged that same is within the Statute of Frauds. This assertion, in our opin-

ion, is unfounded, it being based upon the fact that the agreement between the partners to convey the real estate in question was a verbal one. However, appellees have apparently overlooked or ignored the above quoted averment from appellant's complaint, wherein it is alleged that certificates representing the common capital stock of the corporation were duly issued to the incorporators, and the further averments to the effect that "on the 28th day of October, 1922, and pursuant to the verbal agreement theretofore made between the said parties, as hereinabove alleged, the said partners, this plaintiff and the defendant, Harry A. Masquelette, executed a bill of sale of all of the partnership property unto the said Harwood Automotive Company, articles of incorporation for which had theretofore been executed as hereinabove alleged. And thereafter, *and after the filing and approval of the said articles of incorporation with the Secretary of State of the State of Indiana, and the election of officers for said corporation, the said bill of sale was duly delivered unto the said Harwood Automotive Company, the newly formed corporation,* and was thereafter, on the 20th day of June, 1923, duly recorded in the office of the recorder of Grant County, Indiana, in miscellaneous record No. 52, at page 212 thereof," and the averment that "thereafter, and after the said corporation, Harwood Automotive Company, had been the owner and in possession of said real estate for several years. . . ." These allegations, taken in connection with the bill of sale, which says among other things, "that the said signatories do hereby convey, assign, set over and deliver unto the Harwood Automotive Company all their right, title and interest in and to said partnership assets of every kind and character," (and which bill of sale was made, signed and acknowledged by both parties) are, in our opinion, sufficient to show clearly and definitely that

the verbal agreement of the partners was fully carried out. The bill of sale, which was in effect a deed, was delivered to the newly formed corporation, pursuant to the agreement of the partners, and was thereafter duly recorded by the corporation. Prior to the instant of delivery it may be conceded that it was a nullity so far as vesting title to the premises was concerned. But no effect is claimed for it prior to the time of its delivery to the corporation. It will surely be conceded that if one who has agreed to convey certain land to a corporation to be formed should, before its actual existence, write, sign and acknowledge a paper in the form of a deed, designating as grantee the name under which the corporation afterwards receives its charter or certificate, that when the company should finally become a corporate entity, he might deliver this paper to it, and thereby vest in it a good title from the moment of delivery. It is well settled that the Statute of Frauds applies only to executory contracts and not to agreements which have been completely executed and performed on both sides. *Lovett* v. *Lovett* (1927), 87 Ind. App. 42, 157 N. E. 104; *Whicker et al.* v. *Wallace* (1923), 81 Ind. App. 85, 140 N. E. 919; *Anderson School Tp.* v. *Milroy Lodge F. & A. M. No. 139* (1891), 130 Ind. 108, 29 N. E. 411, 30 Am. St. Rep. 206; *Hatfield* v. *Miller* (1889), 123 Ind. 463, 24 N. E. 330; *Savage* v. *Lee* (1884), 101 Ind. 514; *Wallace* v. *Long* (1885), 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222; *Owens* v. *Lewis* (1874), 46 Ind. 488; *Gagnon* v. *Baden-Lick Sulphur Springs Co.* (1914), 56 Ind. App. 407, 105 N. E. 512; 27 C. J., p. 321, and cases there cited.

Appellant's brief contains a somewhat lengthy discussion of trusts, to which appellees have replied with the contention that "appellant's complaint alleges a legal title, and he cannot recover by proof of an equitable title." This blanket assertion is no

doubt the law, but the facts pertaining to such are not existent in the case at bar, and we find that there is no attempt in the complaint to prove an equitable title in appellant. To the contrary it is specifically averred that "the plaintiff purchased all of said real estate from the said Harwood Automotive Company for a valuable consideration, and received a proper conveyance, or conveyances, therefor, *and is now the owner of all of said real estate in fee simple,* and has been in full possession thereof ever since his said purchase of same from Harwood Automotive Company." From the above it is quite apparent that there was no attempt to prove an equitable title.

The judgment is reversed, with instructions to the court below to overrule the demurrer to the third paragraph of complaint and for further proceedings not inconsistent with this opinion.