LEROY *v.* WOOD.

[No. 17,095.   Filed May 24, 1943.]

*Church & Chester,* of Elkhart, for appellant.

*Proctor & Proctor,* of Elkhart, for appellee.

DRAPER, J.—The appellant filed suit to partition certain real estate in Elkhart County, alleging that her father, whose name was then William Brown Wood, was married to the appellee, whose name became by marriage Laura Beech Wood, on March 10, 1940, and that the appellee thereby became the second childless wife of William Brown Wood; that the real estate was conveyed to her father and the appellee on August 1, 1940, by deed wherein they were described as William B. Ming and Laura Ming, husband and wife, but that their true name was Wood and there was no person by the name of Ming actually connected with the conveyance; that on February 5, 1941, William Brown Wood's name was changed to William Brown Ming by order of the Elkhart Circuit Court; that the appellant is the only child of her father by a previous marriage and that neither her father nor the appellee ever filed any certificate with the clerk of the Elkhart Circuit Court, stating their full name and residence as being engaged in transacting business under the name of Ming. The complaint alleges that by virtue of this conveyance her father and the appellee became the owners of the real estate as tenants in common, thus entitling appellant to an undivided one-half interest therein, subject to a life estate in one-third thereof in the appellee, and further alleges that to adjudge that appellant's father and the appellee took title as tenants by the entireties would be against the public policy of the State of Indiana.

A demurrer to this complaint was sustained, the appellant refused to plead further and judgment was rendered against her. The correctness of the ruling on the demurrer is thus the only question presented.

A deed naming a non-existent grantee is a nullity and passes no legal title to anyone. *Harwood* v. *Masquelette et al.* (1932), 95 Ind. App. 338, 181 N. E. 380. This rule does not apply, however, to a person in existence who is described by a fictitious or assumed name, and if a living or legal person is intended as the grantee and identifiable, the deed is valid however he may be named in the deed, 16 Am. Jur., § 78, p. 483. In this case we are not concerned with any question of identification, for the complaint alleges that the appellant's father and the appellee were the rightful grantees (although as tenants in common), and the appellant's claim to title rests upon the same conveyance.

Section 56-111, Burns' 1933, provides that "All conveyances and devises of lands, or of any interest therein, made to two [2] or more persons, except as provided in the next following section, shall be construed to create estates in common and not in joint tenancy, unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy." And § 56-112 provides that the preceding section shall not apply to conveyances made to husband and wife. It is the settled rule in Indiana that a deed to husband and wife vests them with title by entireties so that, upon the death of either, the survivor takes the whole. *Finney* v. *Brandon et al.* (1922), 78 Ind. App. 450, 135 N. E. 10. Where the relationship of husband and wife

exists, and the deed contains no qualifying words, they need not be so described in the deed in order to create such estate. *Richards et al.* v. *Richards* (1915), 60 Ind. App. 34, 110 N. E. 103.

In the case at bar the grantees were not only husband and wife when the title was acquired but they were described as such in the deed without qualifying words. Under such circumstances they took title by the entireties and upon the death of her husband the appellee took all.

We know of no reason why the rule concerning the acquisition of a title by persons in existence, in a fictitious or assumed name, would not apply to a husband and wife as well as to others, nor of any reason why an estate by the entireties could not be thus created.

The appellant asserts that the deed shows on its face that it was made for the purpose of some sort of concealment and for some purpose other than to advance the common family interest. The complaint is silent as to their reason or purpose in taking the title in a fictitious or assumed name and there is no claim that if some sort of concealment was in fact intended it was fraudulent or harmful to anyone or that it was designed to or did work any injustice of any kind. The appellant's brief speaks of undue influence, but there is no allegation thereof or reference thereto in the complaint.

Although the complaint alleges the failure of the appellee and her husband to file a certificate in accordance with § 50-201, Burns' 1933, there is no allegation that they were conducting or transacting business in this State, either individually or as partners, under any other than their real names, within the meaning of the statute, nor are there any

other allegations in the complaint which the one referred to might support or to which it might apply. The appellant in her brief does not assert that this allegation lends any strength to her complaint and it does not appear to us to do so.

We have been cited to no case holding that it would be against public policy to adjudge the title taken in this case to be by entireties and we know of none. We are here not concerned with creditors or others who might have been offended against nor with the difficulties appellee may have, if any, in disposing of the title, but if there are such difficulties they would be shared by the appellee if she were successful in this action. As between these parties at least, and on this record, the appellee is the owner of the real estate in question. The demurrer was properly sustained.

NOTE.—Reported in 47 N. E. (2d) 604.