294 N.E.2d 833 (1973)
PETITION OF Elizabeth Marie HAUPTLY, Appellant, to Change Her Name to Elizabeth Marie Howard.
No. 3-1272A90.
Court of Appeals of Indiana, Third District.
April 18, 1973.
*834 Robert J. Shula, Sherwood P. Hill, Indianapolis, for appellant.
SHARP, Judge.
This is an appeal from a decision of the trial court denying Appellant's petition to change her name. Appellant is married and she and her husband live as husband and wife. This marriage has produced one small child.
The relevant Indiana statutes are:
IC 34-4-6-1. "The circuit courts in the several counties of this state may change the names of natural persons on application by petition." (2 R.S. 1852, ch. 5, § 1, p. 238; Acts 1969, ch. 41, § 1, p. 32) as found in Burns' (1972 Supp.) § 3-801.
IC 34-4-6-2. "Such petition may be filed with the circuit court of the county in which such person resides." (2 R.S. 1852, ch. 5, § 1, p. 238; Acts 1969, ch. 41, § 2, p. 32) as found in Burns' (1972 Supp.) § 3-802.
IC 34-4-6-4. "Proof of the publication required in this act (§§ 3-801-3-805) shall be made by filing a copy of such published notice, verified by the affidavit of a disinterested person, and when such proof of such publication is made, the court shall proceed to hear and determine said petition and make such order and decree therein as to such court shall seem just and reasonable." (2 R.S. 1852, ch. 5, § 4, p. 238; Acts 1905, ch. 151, § 1, p. 447; 1969, ch. 41, § 3, p. 32) as found in Burns' (1972 Supp.) § 3-804.
IC 34-1-6-5. "A copy of the decree of such court, changing the name of any natural person, certified under the seal of such court by the clerk thereof, shall be sufficient evidence of the name of such person, and of such a change having been made, in any court of this state". (2 R.S. 1852, ch. 5, § 5, p. 238; Acts 1969, ch. 41, § 4, p. 32) as found in Burns' (1972 Supp.) § 3-805.
There is no assertion here that these Indiana statutes, on their face, are in violation of any provision of either the Indiana Constitution or the Constitution of the United States. Since the only classification of this statute pertains to that of a "natural person" we are not here concerned with that line of cases which suggest that classification based on sex are to be given critical examination under the equal protection clause of the Fourteenth Amendment of the Constitution of the United States. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), and Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972).
It is therefore clear, that as a threshold question, the term "natural persons" as used in IC 1971, 34-4-6-1, Ind. Ann. Stat. § 3-801 (Burns' 1972) and "natural person" as used in I.C. 1971, Ind. Ann. Stat. § 3-805 (Burns' 1972) would include both male and female persons and would include both married and unmarried persons.
We are not here required to decide whether a state statute which requires a female to take the surname of her husband at the time of marriage is valid. As stated in Appellant's brief there is no such statutory requirement at issue here. In this case the trial court found that Appellant abandoned her maiden name at the time of her marriage and assumed the surname of her husband at the time of her marriage.
It is correct that there are no reported decisions under the Indiana change of name statutes. The decisions of other jurisdictions suggest that requests for the change of name in a formal legal proceeding may be denied on the basis that such would interfere with the rights of others or upon fraud. Sobel v. Sobel, 46 N.J. Super. 284, 134 A.2d 598 (1957); Petition of Buyarsky, 322 Mass. 335, 77 N.E.2d 216 (1948); Don v. Don, 142 Conn. 309, 114 A.2d 203 (1955).
We are not here dealing with the right of a married woman to do business *835 or be sued in a surname other than her husband's. Without question a person, including a married female, may assume a different name by which she is known and transacts business. Leroy v. Wood, 113 Ind. App. 397, 47 N.E.2d 604 (1943). See also, IC 1971, 23-15-1-1, Ind. Ann. Stat. § 50-201 (Burns' 1964), and IC 1971, 23-15-1-2, Ind. Ann. Stat. § 50-202 (Burns' 1964).
In this case the trial court's denial of Appellant's petition to change her name is a negative decision against the party having the burden of proof. It is unnecessary here to make an expanded statement of the legal inferences and burden on such an appeal. It is the elementary burden of the Appellant to persuade this court that given all the inferences in favor of the trial court's decision, that such decision was erroneous as a matter of law. In other words, the Appellant must demonstrate that there is no possible inference to support the trial court's decision and the only possible inference is contrary to the trial court's decision.
In this case § 3-804 imposes broad discretion in the trial court to "make such order and decree therein as to such court shall seem just and reasonable." This would appear to be a much broader basis for determination that the above cited cases from other jurisdictions dealing with interference with the rights of others and fraud. The Appellant must therefore demonstrate to this court an unquestioned abuse of this broad grant of discretion. The Appellant has failed in sustaining this burden. The trial court could well have determined that Appellant failed to adequately sustain her burden to demonstrate her right to relief under the change of name statute. It should be emphasized that there is no indication that the trial court denied Appellant relief under the change of name statute solely or primarily because she was a married female. The order and decree of the trial court simply do not show this. The trial court simply found that Appellant did not present evidence to convince it that it would be just and reasonable to grant the change of name.
Since no reversible error has been demonstrated here, we must and hereby do affirm the decision of the trial court.
HOFFMAN, C.J., and STATON, J., concur.